JAMES D. YEOMANS, Respondent, *v.* GEORGE H. BELL, Appellant.

*Misrepresentations vitiating a contract of sale — vendor's lien — when, by reason of the vendee's fraud, there is no waiver thereof.*

The misrepresentation which will vitiate a contract of sale and prevent a court of equity from enforcing it, must not only relate to a material matter constituting an inducement to the contract, but must relate to a matter respecting which the complaining party did not possess at hand the means of knowledge, and must be a misrepresentation upon which he relied, and by which he was actually misled to his injury.

Where the misrepresentation is the mere expression of an opinion as to the value of the property offered for sale, it will not furnish evidence of fraudulent intent, but, if the representation is in regard to an extrinsic fact, affecting the condition, quality or value of the subject of the contract, and the purchaser relies thereon, and the same is false, then an action based upon the fraud may be maintained.

A vendor's lien upon the land sold should be sustained whenever he has taken the mere personal security of the purchaser only, and any bond, note or covenant given by the vendee alone is to be considered as intending only to countervail the statement of the receipt for the purchase money contained in the deed, or to show the time and manner in which the payment is to be made, unless there is an express agreement between the parties to waive the equitable lien ; and on the other hand the lien is to be considered as waived whenever any security is taken on land, or otherwise, for the whole or any part of the purchase money, unless there is an express agreement that the equitable lien on the land shall be retained, but where a vendor has been induced to waive his lien as such by reason of a fraud practiced upon him by the vendee such rule of waiver will not apply.

APPEAL by the defendant, George H. Bell, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 21st day of April, 1893, upon a decision of the court rendered after a trial at the Erie Special Term.

*Tracy C. Becker,* for the appellant.

*Adelbert Moot,* for the respondent.

HAIGHT, J. :

This action was brought to recover the sum of $5,000, with interest thereon from November 1, 1887, and that the same be adjudged to be a lien upon certain real estate, etc.

On or about the 15th day of October, 1887, the plaintiff sold to the defendant a farm, with certain personal property thereon, located in the town of Aurora, county of Erie, for the sum of $20,600, to be paid as follows : $6,500 by assuming a mortgage then existing upon the premises, $100 in cash, $5,000 on the 1st day of November, 1887, $2,000, with interest, in three months from the first day of November, $2,000 in two years from the first day of November secured by mortgage upon the premises, and the balance by assigning to the plaintiff $5,000 par value of the capital stock of the R. W. Bell Manufacturing Company.

The trial court has found " that to induce the plaintiff to accept such $5,000 in stock of the R. W. Bell Manufacturing Company and to enter into said contract the defendant did falsely represent to the plaintiff that said stock was worth $1.10; that said R. W. Bell Manufacturing Company was in good condition and only owed $25,000, which was a mortgage upon its real estate, and that such stock had paid a dividend of six per cent per annum since said R. W. Bell Manufacturing Company was organized in 1881, with the exception of one year when there was a surplus which was used in improvements. That in fact said R. W. Bell Manufacturing Company was not in good condition; that it was losing money; that it owed large sums of money over and above said mortgage of $25,000, and that it had not paid a dividend of six per cent per annum from its organization in 1881, excepting one year ; that said' stock had never paid but one dividend, and that a semi-annual dividend of only three per cent in the year 1886; that the plaintiff relied upon said false statements of the defendant and believed them to be true \* \* \* accepted such $5,000 in stock in part payment of said land and conveyed the premises as aforesaid to the defendant George H. Bell by a good and sufficient deed then made and delivered to said Bell. \* \* \* That thereafter, and shortly before the commencement of this action, December 9th, 1891, the plaintiff discovered that said representations of the defendant concerning said stock were untrue, and thereupon this plaintiff tendered said defendant such $5,000 in stock and offered to repay to the defendant what he had paid for said land and requested defendant to convey said land to this plaintiff, but the defendant refused to accept such stock or convey the land to the plaintiff for the amount which the defendant \* had paid therefor."

As a conclusion of law the court ordered judgment for the plaintiff for the relief prayed for in the complaint, with costs, etc. The findings of the trial court as to the representations made are in accordance with the testimony of the plaintiff and one Ferguson, who was the agent who made the sale. Their testimony in this regard is controverted by the defendant, but the question of credibility was for the trial court, and in this case we must follow the findings.

\* *Sic.*

It appears from the testimony of the bookkeeper of the company that on the 1st day of October, 1887, the liabilities were $387,054.03, and resources $357,656.83, and that at that time the loss was $29,397.20 ; that on the first day of January thereafter the loss had increased to $68,713.55 ; that the loss was distributed through the year 1887, and the great difference appearing between the first day of October and the first day of January thereafter was in a measure due to the charging to the profit and loss account the claims that were worthless.    On the 1st day of October, 1887, it appears that the company was owing, aside from its capital stock, the sum of $137,054.03, so that if the representations were made as testified to by the plaintiff and his witness Ferguson, it is quite apparent that they were untrue.

It is claimed, however, that the plaintiff had the means at hand of discovering the value of the stock other than the representations of the defendant, and that in the negotiation he did not use the means of knowledge which a prudent man should have done under the circumstances.    The rule is doubtless well stated by Justice Field in delivering the opinion of the court in the case of *Slaughter's Administrators* v. *Gerson* (13 Wall. 379–383).    He says : " The misrepresentation which will vitiate a contract of sale and prevent a court of equity from aiding its enforcement must not only relate to a material matter constituting an inducement to the contract, but it must relate to a matter respecting which the complaining party did not possess at hand the means of knowledge, and it must be a misrepresentation upon which he relied and by which he was actually misled to his injury."    To this we will add, that where the representation is the mere expression of an opinion as to the value of the property offered for sale it will not furnish evidence of fraudulent intent, but if the representation is in regard to an intrinsic fact affecting the condition, quality or value of the subject of the contract, and the purchaser relies thereon, and the same is false, then an action based upon the fraud may be maintained. (*Schumaker* v. *Mather*, 133 N. Y. 590 ; *Ellis* v. *Andrews*, 56 id. 83.)

The representations alleged to have been false were made to the plaintiff by the defendant, who was the president of the company. It was the practice of the bookkeeper to make a monthly statement

to the officers of the company showing its financial condition. It is, therefore, apparent that the defendant knew the condition of the company at the time ˊthe representations were made. The representations had reference to the business and condition of the company, which was of vital importance in determining the value of the stock. The facts in reference to the business and condition doubtless appeared upon the books of the company, but in order to ascertain the facts from the books an examination of the accounts by an experienced accountant and bookkeeper, involving time and labor, was required, and it appears to us it cannot be said that the plaintiff possessed the means at hand of knowing the facts.

Upon making the sale, the plaintiff accepted in payment of the purchase price a mortgage upon the premises for the sum of $2,000, as well as the assignment of the stock in question. It is now claimed that this was a waiver of the vendor's lien. The rule as stated in *Fish* v. *Howland* (1 Paige Ch. 20–30) is that the vendor's lien should be sustained whenever " he has taken the mere personal security of the purchaser only, and to consider any bond, note or covenant given by the vendee alone as intended only to countervail the receipt of the purchase money contained in the deed, or to show the time and manner in which the payment is to be made, unless there is an express agreement between the parties to waive the equitable lien ; and, on the other hand, to consider the lien as waived whenever any security is taken on the land, or otherwise, for the whole or any part of the purchase money, unless there is an express agreement that the equitable lien on the land shall be retained."

As we have seen, a mortgage was given for a part of the purchase money, and the stock in question of a corporation was assigned for another portion of the consideration. We shall, therefore, assume, for the purposes of the argument, that under the contract, if valid, the plaintiff's lien as vendor would be deemed waived ; but, as we have seen, the plaintiff charges that he was induced to enter into the contract by reason of the false and fraudulent representations made by the defendant ; in other words, that the contract was induced by fraud, and the trial court has so found. If so, he was induced to waive his lien as vendor by reason of the fraud practiced upon him. We think it apparent, therefore, that the rule of waiver invoked has no application where the contract was so induced. (*Baker* v.

*Lever*, 67 N. Y. 304; *Seymour* v. *McKinstry*, 106 id. 230; *Hammond* v. *Pennock*, 61 id. 145; *Krumm* v. *Beach*, 96 id. 398; *Bradley* v. *Bosley*, 1 Barb. Ch. 125.)

The judgment should be affirmed, with costs.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment appealed from affirmed, with costs.