Wilkes, J.,
delivered the opinion of the court:
Mrs. Everett held title to a house and lot in Nashville under deed of K. D. Harwood, dated February 26, 1868, and duly registered. This deed contained the following habendum clause:
“This conveyance is made to' the said Elizabeth M. Everett for the following uses and trusts: that is to- say, the said Elizabeth is to hold the same with all issues and profits, to her sole and separate us© during her natural life, and on her death the same is to go to any children she may *813 leave at her death, and the living representatives of such as may be dead, equally, share and share alike. And she is fully authorized and empowered, at her own discretion, and by a deed duly executed and acknowledged according to law, and as deeds are now acknowledged and executed by femes covert in Tennessee, to sell or dispose of any or all of said real estate upon any terms, but the proceeds are to be invested in other real estate, upon the same terms, conditions, and limitations as are herein set forth, and held to the same uses and trusts as this conveyance holds the land herein conveyed. This February 26th, 1868.”
On the 12th of March, 1889,"she and her husband and her three sons, being the only children she had, executed a deed of trust upon this house and lot to Mathews, as trustee, to secure $3,000 of money borrowed from Mrs. Jno. A. Jackson. This bill is filed to obtain judgment for .the balance due, and for a foreclosure of the deed of trust. The chancellor gave judgment against Jno. B. Everett and wife, Elizabeth II. Everett, and the two sons, T. II. and IT. S. Everett, for $3,092.35, O. H. Everett having died without children before final judgment, and declared the same a lien upon the interests of the parties in said house and lot, and directed such interests to be sold to satisfy the judgment rendered.
The defendants all appealed, and have assigned errors.
The first error assigned is that the chancellor erred in giving personal judgment against Mrs. Elizabeth M. Everett, because she w^as a married woman when she executed the note, and is still a married woman.
The defense of coverture is not set up in any way in the nleadings, either by demurrer, plea, or answer. It is a privilege personal to the married woman to prevent a personal judgment against herself wdien sued upon a contract made by her while a feme covert. If she is sued, however, and makes no defense in the pleadings by either of the modes suggested, judgment may be rendered against her, *814 and snob judgment will not be void. But slie cannot avail herself of ber coverture for tbe first time in this court.
It has been held in our courts, as well as elsewhere, that such judgments are voidable, and not void, and that they are binding unless set aside by appeal or writ of error or other appropriate proceeding. Yet this must be understood in the sense that all Avoidable judgments may be set aside by appeal, writ of error, or other appropriate proceeding, and unless so set aside, they are binding, provided the court has jurisdiction. That the defense of coverture is a personal privilege, and, to be availed of, must be set up in the pleadings by demurrer, plea, or ansAver, is according to reason, and well supported by authority. Sheppard v. Kindle, 3 Hum., 80, 81, 82; Crawford v. Crawford, 1 Leg. Rep., 37-39 [since reported in 2 Shannon’s Cases, 156]; Howell v. Hale, 5 Lea, 405-410; Yeatman v. Bellmain, 6 Lea, 488-491; Chatterton v. Young, 2 Tenn. Chy., 768-770; Caldwell v. Walters, 55 Am. Dec., note, 600, 601; 61 Ga., 512; 60 Ill., 512; 32 Iowa, 54; and other cases.
The second assignment is that the chancellor erroneously heJd and decreed that Mrs. Elizabeth Everett, her husband and her children, any one or all of them, had the right, poAver, or authority to mortgage or convey in trust the house and lot in-controversy, conveyed to- the said Elizabeth by B. D. Harwood. The contention is that under the language of the deed to Mrs. Everett, she had no power to mortgage the house and lot because only one power of disposition is given, and that is by deed, and only for purposes of- reinvestment-.
It is also insisted that the acts of 1869-70, M. & V. Code, 3350 [Shannon’s Code, sec. 4246], have no application to the case, and can have none>, as the deed to Mrs. Everett AAas made before tbe passage of that statute. This statute in effect provides that married women having separate estates shall have the same power of disposition as *815 femes sole, unless the power of disposition is expressly withheld. This has been held to apply to* estates vested in the married woman at the time it was passed, as well as estates subsequently acquired, and to be constitutional. Molloy v. Clapp, 2 Lea, 586; Steifel v. Clark, 9 Bax., 467.
As to the power of disposition, it has been held that the mention of one mode does not by implication exclude a different mode, but that the power is unlimited unless expressly confined to some particular mode and excluding others. Lightfoot v. Bass, 8 Lea, 351; Steifel v. Clark, 9 Bax., 470; Whitman v. Williams, Sept., 1875 [see Williams v. Whitmore, 1 Shannon’s Cases, 239, second syllabus, which is the case probably intended to be cited. As evidence of this, see Steifel v. Clark, 9 Bax., 470, 471, citing this case and quoting the language used in it on page 250 of 1 Shannon’s Cases].
The court decreed, that Mrs. Everett had a sole and separate estate for life in the property, and that Thos. LI. and Llarrv S., her only children, had a vested remainder interest, subject, however, to the contingency of being defeated by either dying before the mother, leaving issue, and he directed the life estate and remainder interest to be sold separately. If this were correct, it would follow that the mother and children, being the only persons In existence who have any interest in the house and lot, and they all having joined in this conveyance, would be es-topped to question it. If there were no contingency, the purchaser under the sale would get the entire property; as it is, the purchaser under the chancellor’s decree would get the life estate of Mrs. Everett absolutely, and the remainder interest of the children, subject to the contingency of their deaths before their mother leaving children, and such is the theory and basis of the chancellor’s decree.
The majority of the court is of opinion that in this construction of the deed to Mrs. Everett, and the result aimed at by the chancellor, he is in error; that there is no vested *816 interest in tlie sons under tbe deed which, they could convey, or that could be sold as theirs, but that the remainder vested in a class to be determined on the death of Mrs. Everett. This class might embrace the sons alone, or it might embrace them and their children, and the number and persons constituting the class are uncertain. This being the view of the majority, the holding of the chancellor as to the construction of the deed is erroneous, and the decree for sale as to the mode and manner of making it is erroneous, because based on this erroneous construction.
The deed as to the two sons conveying no- interest, inasmuch as none was vested in them, it could only operate on them by estoppel, and it only remains to be considered whether the mother alone had the right under the deed to mortgage the property so as to bind the contingent remainder. The language is that she may sell or dispose of the same on any terms, the proceeds to be invested in other real estate with like limitations.
In the case of A¥hitman v. Williams [Williams v. Whit-more, 1 Shannon’s Cases, 239], referred to> and approved in Steifel v. Clark, 9 Bax., 470, it was held that a power to dispose of, necessarily carries with it a power to charge, or incumber, and, on the same principle, a power to sell would give a power to mortgage or charge.
It is the duty of the trustee, in case of either sale or mortgage, to see that the proceeds are invested as the deed stipulates, but the vendee or mortgagee is not bound to see to the application of the fund, and in the absence of any knowledge or co-operation with the trustee in any fraudulent diversion or misappropriation, will not be affected by it. It is to be presumed the trustee sells or mortgages to carry out the purposes of the trust, and this will only be overthrown by evidence. If there is a knowledge that there is to be such misappropriation, the vendee or mortgagee will not be protected, but so long as they.act in good *817 faith., they will not be chargeable with the bad faith of the trustee. The record is quite silent as to the disposition of the funds raised by this mortgage. It appears in an indefinite manner that it was invested in other property. It is presumed, in the absence of proof, that such investment was according to the deed. If it were otherwise, the burden of proof was on complainant [the defendants in this ease] to show it. The only evidence in the case is that of Blair. In the answer it is stated he is the agent of Mrs. Jackson. In the proof he states that he was not the agent of Mrs. Jaclcson, but of the Everetts, and received a compensation from them for his services. If there was any actual or intended misappropriation of the money, the evidence wholly fails to connect Mrs. Jackson with any knowledge or part in it. She simply loaned the money in good faith, and even if she saw the deed under which the Ever-etts held, she had the right to presume', in the absence of any information, that the money would be properly invested, and she cannot be required to look to its application, or be held for its misappropriation. Loughmiller v. Harris, 2 Heis., 558; Williams v. Otey, 8 Hum., 568.
The result is the decree of the chancellor is modified so as 1o change the mode and manner of sale of the property; defendants will be allowed sixty days in which tO' pay the amount due Mrs. Jackson, and if not paid the clerk of this court will sell the entire house and lot outright, upon the credits mentioned in the chancellor’s decree, free from homestead and redemption as proveded in said decree. The unpaid costs in this and the court below will be paid out of the proceeds of the sale, in the event sale is made, otherwise by the defendants.