## CARSON v. PETERSON.

*(Knoxville.    October    27,    1900.)*

1. PRINCIPAL AND SURETY. *Surety liable before stayor of judgment, when.*

   Where a surety actively co-operates with his principal in procuring stay of a judgment against both, he is liable before the stayor.

2. SUPREME COURT. *Will not reverse upon question not made below.*

   This Court will not reverse upon a question not made or suggested in the lower Court.

   Case cited: Jones v. Cullen, 100 Tenn., 24.

---

FROM    MONROE.

---

Appeal in error from Circuit Court of Monroe County.    JAMES G. PARKS, J.

McCROSKEY & McCROSKEY for Callaway.

T. W. PEACE for Peterson.

WILKES, J.    This is a petition for certiorari and supersedeas brought by a surety from a judgment by motion before a Justice of the Peace in favor of the stayor of execution.

The allegation is that the judgment was stayed

by Peterson at the instance of Carson, the principal, without the assent of the surety, Callaway, and the stayor is therefore liable before the surety.

There was a motion to dismiss, which was overruled, and the cause was then heard by the Court without a jury, and the petition was dismissed and judgment was rendered against the petitioner and his surety for the amount of the debt, interest, and costs. And the petitioner and surety on his certiorari bond have appealed to this Court and assigned errors.

It is said the Court erred in. holding that Peterson became stayor by the procurement and consent of the surety, Callaway The trial Judge was requested to reduce his finding to writing, and did so. The Court found that Callaway not only consented to the stay, but was active in procuring it, and his finding is well supported by the testimony.

It is next said that the judgment by motion is defective in that it does not recite on its face that Peterson stayed execution for Callaway. It does recite that the judgment was against Carson as principal and Callaway as surety, and was stayed by Peterson, but does not in so many words state that it was stayed at · Peterson's request. It is stated that this objection was not made in the Court below and is made for the first time in this Court. We do not find that

Carson *v.* Peterson.

it is mentioned by the trial Judge in disposing of the case nor in the petition for certiorari, and we must infer it was not made, or if made was not insisted on in that Court, and it cannot now be set up to put the trial Judge in error. It must have been made in the Court below, to constitute it reversible error in this Court. *Jones v. Cullen,* 16 Pick., 24.

This disposes of all the real questions presented in the case, and it results that the judgment of the trial Judge is affirmed with costs.