## BOSHWITZ *et al. v.* LAWHORN *et ux.*

## (*Jackson.* April Term, 1915.)

1. **ACKNOWLEDGMENT.** Mortgage of wife's property. Privy acknowledgment.

A trust deed by a wife of her separate property not being privily acknowledged by her, as required by statute, is inoperative. (*Post, p.* 707.)

Cases cited and approved: Robinson v. Queen, 87 Tenn., 445; Huff v. Glenn, 101 Tenn., 112.

2. **VENDOR AND PURCHASER.** Vendor's lien. Waiver.

A vendor does not waive his lien by taking, to secure the price, a trust deed from the purchaser, a married woman, inoperative against her, because not privily acknowledged by her. (*Post, pp.* 707-710.)

Cases cited and approved: Gregg v. Jones, 52 Tenn., 443; Partridge v. Logan, 3 Mo. App., 509; Camden v. Vail, 23 Cal., 633; Lee v. Murphy, 119 Cal., 364; Hunton v. Wood, 101 Va., 54; Chapman v. Chapman, 55 Ark., 542; Haugh v. Blythe, 20 Ind., 24; Kent v. Gerhard, 12 R. I., 92; Davis v. Cox, 6 Ind., 481; Bakes v. Gilbert, 93 Ind., 70; Gilbert v. Bakes, 106 Ind., 558; Jones v. Rush, 156 Mo., 364; Gravlee v. Lamkin, 120 Ala., 210; Yeomans v. Bell, 79 Hun, 215; Bank v. Erwin, 2 Tenn. Cas., 442.

3. **APPEAL AND ERROR.** Contract of wife. Defense of coverture. Pleading in lower court.

The defense of coverture, being a personal privilege, to prevent a personal judgment against a married woman on her notes, must be pleaded in the trial court, and cannot be asserted for the first time on appeal. (*Post, p.* 710.)

Case cited and approved: Jackson v. Everett, 3 Tenn. Cas., 811.

131Tenn45

FROM SHELBY.

Appeal from the Chancery Court of Shelby County. —FRANCIS FENTRESS, Chancellor.

J. A. SIMMONS and J. O. HILLIS, for appellants.

I. H. PERES and R. E. KING, for appellees.

MR. JUSTICE WILLIAMS deilvered the opinion of the Court.

Complainants sold to defendant, Lilly Lawhorn, a married woman, a tract of land executing to her a deed which vested the title in her as a separate estate, but the deed did not confer on her a power of disposition of the land as a *feme sole*. The consideration for this conveyance was $5,600, of which $550 was paid in cash, and for the remaining $5,050 Mrs. Lawhorn executed her notes payable monthly. There was no vendor's lien retained, and the deed recited a consideration of $5,600 in hand paid. To secure the payment of the deferred purchase money Mrs. Lawhorn on the same day executed a deed of trust to one Cohn, as trustee, conveying the same premises. This deed of trust was not signed by L. A. Lawhorn, the husband. It was acknowledged by Mrs. Lawhorn before a notary public, but without any privy examination.

After paying ten of the installment notes, Mrs. Law-horn made default, and notified the trustee, Cohn, that the deed of trust was not binding upon her because it had not been privily acknowledged by her.

The complainants, the vendors, filed their bill of complaint, one of the purposes of which was to have the court declare them entitled to a vendors' implied lien on the realty, and decree a sale thereof for the satisfaction of the unpaid purchase money.

Defendants correctly insist that the trust deed was inoperative because it was not privily acknowledged by the *feme covert* as is prescribed by statute. *Robinson* v. *Queen,* 87 Tenn. (3 Pickle), 445, 11 S. W., 38, 3 L. R. A., 214, 10 Am. St. Rep., 690; *Huff* v. *Glenn,* 101 Tenn. (17 Pickle), 112, 46 S. W., 766.

The further contention of defendants, Lawhorn and wife, is that the vendor's implied lien for the payment of the deferred purchase money was waived by the taking of the trust deed; that appellees elected to waive any vendor's lien, and to rely upon other security for the payment of the purchase money, citing *Gregg* v. *Jones,* 5 Heisk. (52 Tenn.), 443. Supporting this contention are the cases of *Partridge* v. *Logan,* 3 Mo. App., 509, and *Camden* v. *Vail,* 23 Cal., 633, in their holding that the taking of an invalid trust deed or mortgage by the vendor for the security of the consideration sum operates as a waiver of such an implied or equitable lien. There are, also, cases which rule that such a lien is waived by the taking of a trust deed to secure the purchase price where it is not so acknowl-

edged as to entitle it to be recorded; that is, defective from the standpoint of valid registration. *Lee* v. *Murphy,* 119 Cal., 364, 51 Pac., 549, 955; *Hunton* v. *Wood,* 101 Va., 54, 43 S. E., 186.

But in our opinion where the trust deed so taken is inoperative as a conveyance the better rule is that there is no waiver of the implied lien of the vendor. *Chapman* v. *Chapman,* 55 Ark., 542, 18 S. W., 1037; *Haugh* v. *Blythe,* 20 Ind., 24.

It has been held that no waiver of such a lien results where a mortgage back to secure the consideration sum is invalid because the husband of the vendee did not sign the mortgage. *Kent* v. *Gerhard,* 12 R. I., 92, 34 Am. Rep., 612. And also where such a mortgage is void for misdescription (*Davis* v. *Cox,* 6 Ind., 481), or invalid because of infancy of the wife (*Bakes* v. *Gilbert,* 93 Ind., 70; *Gilbert* v. *Bakes,* 106 Ind., 558, 7 N. E., 257).

Moreover, the rule is that no waiver results where the mortgage or trust deed is invalid because of fraud in fact on the part of the vendee of the land which is the subject-matter of the conveyance; or by the acceptance by the vendor of securities which have no legal validity. *Jones* v. *Rush,* 156 Mo., 364, 57 S. W., 118; *Gravlee* v. *Lamkin,* 120 Ala., 210, 24 South., 756; *Yeomans* v. *Bell,* 79 Hun, 215, 29 N. Y. Supp., 502; 39 Cyc., 1840.

In the pending case the defects do not merely affect the due registration of the trust deed; but that instrument is wholly lacking in binding effect upon the Mrs.

Lawhorn, who purported to execute it. It is not merely voidable at the instance of third persons for fraud in law imputable to the maker, as was the case in *Bank* v. *Erwin*, 2 Tenn. Cas., 442.

The trend of the argument of the appellants and the reasoning of the cases to the contrary is best shown by the language of the court in *Partridge* v. *Logan,* supra:

"If the taking of the mortgage on the land sold is to be held—as the weight of authority is—a waiver of the lien, then it is a matter of indifference whether the mortgage taken be valid or not; the question is wholly a question of intention; and the intention of the vendor is as clearly seen, and the maxim, *'expressum facit cessare tacitum,'* as fully applies, when a mortgage is taken which turns out to be bad from informality, as if the instrument were unexceptional."

This line of reasoning overlooks the fact that any such intention was induced and given existence by a reliance upon the trust deed as a thing of substance and validity so held out by the vendee. When that falls as invalid, there is no more reason for holding that a waiver has been effected than there would be had the vendee passed to the vendor fictitious or invalid securities as payment for the realty. In either case it would be inequitable to allow the vendee to impute to the vendor an intent to waive the lien, which is not acquired by express contract, but raised by the law by way of implication on the ground that it is un-

conscionable for a vendee to retain the land without paying the consideration.

In behalf of Mrs. Lawhorn it is urged that the chancellor was in error in giving a personal judgment against her, and in reply it is pointed out that she did not set up her coverture by way of demurrer, plea, or answer. In such case, the defense of coverture being a personal privilege to the married woman, in order to prevent the rendition of a personal judgment on her notes and avail of coverture, it must be pleaded in one of these ways in the trial court, and she cannot avail herself of that defense for the first time on appeal. *Jackson* v. *Everett,* 3 Tenn. Cas., 811, 58 S. W., 340, and cases cited.

The chancellor rendered a decree in favor of the complainants for the subjection of the property. Affirmed and remanded to the chancery court for further proceedings.