# ILLINOIS CENTRAL RAILROAD COMPANY *v.* MESSINA.

### ERROR TO THE SUPREME COURT OF THE STATE OF MISSISSIPPI.

No. 535.   Argued February 23, 1916.—Decided March 6, 1916.

While the Anti-pass Provision of the Hepburn Act of 1906 may have had more formal uses especially in view than that of allowing a person to ride upon an interstate train by permission of an employé of the carrier, this court cannot limit the prohibition to such uses.

There being a question whether plaintiff, who was injured while riding free by consent of the engineer on the engine of an interstate train, could have recovered under state law had his presence been illegal under the Federal statute, *held* that it was reversible error not to have charged the jury that the Federal act applied.

THE facts, which involve the construction and application of the Anti-pass provision of the Hepburn Act of 1906, are stated in the opinion.

*Mr. R. V. Fletcher,* with whom *Mr. Edward Mayes* and *Mr. Blewett Lee* were on the brief, for plaintiffs in error.

*Mr. Harry Peyton,* with whom *Mr. William H. Watkins* was on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action for personal injuries suffered by the defendant in error while upon a train running from Mississippi to Tennessee. He had paid no fare but was upon the tender, as he said, by permission of the engineer. The engineer had noticed that the water was high between Beatty and Sawyer and over the track at Sawyer. After passing Beatty the train was going at a rate variously put as thirty-five to fifty or sixty miles an hour when it ran into the water and was thrown from the track. The plaintiff was caught between the tender and a car and badly hurt.

The plaintiff got a judgment for $10,000, which was sustained by the Supreme Court. At the trial the jury were instructed that the defendant railroad was presumed to be negligent and that if the evidence left it doubtful it was their duty to find full damages for the plaintiff. The judge refused to instruct them that the engineer had no authority to permit the plaintiff to ride on the train 'at the place he was in;' but the request for this instruction was based upon the company's rules, not upon the Act to Regulate Commerce. The Supreme Court, however, discussed the act of Congress and held that it did not apply to the case.

By § 1 of the act of Feb. 4, 1887, c. 104, 24 Stat. 379, as amended by the act of June 29, 1906, c. 3591, 34 Stat. 584, and still in force, any common carrier violating the provisions against free transportation is guilty of a misdemeanor and subject to a penalty, and any person other than those excepted 'who uses any such interstate . . . free transportation' is made subject to a like penalty. No doubt the enactment had somewhat more formal

uses especially in view, but we see no reason for limiting the prohibition to them. The word 'such' like 'said' seems to us to indicate no more than that free transportation had been mentioned before. We cannot think that if a prominent merchant or official should board a train and by assumption and an air of importance should obtain free carriage he would escape the Act. We are of opinion therefore that the Act was construed wrongly. Assuming, as it has been assumed, that the defendant's liability was governed otherwise by state law, it seems doubtful under the state decisions whether the plaintiff would have been allowed to recover had the court been of opinion that the act of Congress made his presence on the train illegal. *West Un. Tel. Co.* v. *McLaurin,* 66 So. Rep. 739. And although there are expressions in the opinion below that raise a doubt, the fact that the Supreme Court thought it necessary to construe the act indicates that the construction was material to the result. For this reason the judgment must be reversed.

*Judgment reversed.*


MR. JUSTICE HUGHES, dissenting.


The Supreme Court of the State held that the provision of the Federal act was not applicable to this case, and I think that the court was right. Congress did not concern itself with the possibility that prominent persons, or others, might steal a ride through the unauthorized action of some employee of the railroad company. Congress was concerned with the well known abuse which consisted in the giving of passes, or free transportation, by railroad companies, and it directed its legislation to that abuse. The provision is: "No common carrier subject to the provisions of this Act shall, . . . directly or indirectly, *issue* or *give* any interstate free ticket, free pass, or free transportation for passengers," except as stated; and

that "any common carrier violating this provision shall be deemed guilty of a misdemeanor, and for each offence, on conviction shall pay . . . a penalty . . . and any person, other than the persons excepted in this provision, who uses any such interstate free ticket, free pass, or free transportation shall be subject to a like penalty." Here, it was found that the engineer had no authority to give any free transportation to the plaintiff and I cannot but think that in this view the defendant in error was outside the Act. The Supreme Court of the State said: "The common carrier did not issue any free transportation to this plaintiff, and he was not using any such free transportation. The engineer in charge of the locomotive pulling the passenger train, under no conceivable circumstances has any power to issue free transportation to any person, and we are unable to see the force of the argument along this line. . . . It is clear to us that the engineer was not authorized to carry plaintiff free, and it is also manifest that the Act of Congress is not directed against acts of the character here involved."

I know of no reason for disregarding the finding of the state court as to want of authority in the engineer, and it was on this hypothesis that the court held the Federal provision to be inapplicable. Aside from this ruling, it it is not suggested that any Federal question is involved.

I am authorized to say that MR. JUSTICE MCKENNA concurs in this dissent.