## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF TENNESSEE

### IN THE

## SEPTEMBER TERM, 1918.

---

### D. M. ROBERTS *v.* SOUTHERN RY. CO.

### (*Knoxville.* September Term, 1918.)

1. **MASTER AND SERVANT.** Injuries to servant. Actions. Declaration.

In action by administrator of deceased minor brought under the federal Employers' Liability Act for the death while obeying instructions in the operation of a freight train, declaration *held* sufficient in respect to allegations as to the existence of the relation of master and servant. (*Post, pp.* 99-101.)

Acts cited and construed: Acts 1908, ch. 149, p. 65; Acts 1910, ch. 143, sec. 2.

Cases cited and approved: Illinois Central Ry. Co. v. Messina, 240 U. S., 395; Southern Ry. Co. v. Linear, 138 Tenn., 543.

2. **APPEAL AND ERROR.** Preservation of defenses. Federal Employers' Liability Act. Special Damages.

The objection that the administrator of a deceased minor servant, in his action under the federal Employers' Liability Act for damages for the negligence of a fellow servant, failed to allege pecuniary loss must be raised at the trial. (*Post, pp.* 101, 102.)

Cases cited and approved: Jones v. Cullen, 100 Tenn., 24; Carson v. Peterson, 105 Tenn., 541; Coal & Coke Co. v. Steel Co., 123 Tenn., 428; Boshwitz v. Lauhorn, 131 Tenn., 705.

Case cited and distinguished: Railway Co. v. Anderson, 134 Tenn., 687.

---

### FROM KNOX.

---

Appeal from the Circuit Court of Knox County.— VON A. HUFFAKER, Judge.

95

W. R. HENDERSON, for D. M. Roberts.

ROSCOE WORD, for Southern Ry. Co.

MR. Cox, Special Judge, delivered the opinion of the Court.

This is an action for damages arising out of the death of the fifteen year old son of plaintiff in error, the declaration alleging that the killing was the result of the negligent, wrongful, and unlawful conduct of the agents and servants of defendant in error. It is alleged that the deceased met his death in February, 1916, while upon a freight train of the railway company at Hot Springs, N. C., the train and cars being engaged in interstate transport at the time. The action is brought, therefore, under the provisions of what is commonly known as the federal Employers' Liability Act, being Act April 22, 1908, 35 Stat., chapter 149, p. 65, as amended by the Act of April 5, 1910, 36 Stat., chapter 143, section 2, p. 291 (U. S. Comp. St. 1913, sections 8657-8665). It is further alleged that plaintiff in error is the duly qualified administrator of the deceased, and that the latter left surviving him the plaintiff in error, his father, and his mother, Kate Roberts, wife of plaintiff in error. The action is for $10,000 damages. The declaration alleges, among other things, the following:

"That on the date aforesaid plaintiff's intestate, William Arlie Roberts, with the consent and procurement of the agents and servants of the defendant in charge and in control of said train, boarded said train at Knoxville, Tenn., for the purpose of riding upon the

same to Aseville, N. C., under  acontract of employ-
ment entered into between him and the agents and
servants of the defendant company in control of said
train whereby he was to ride upon said train as an
employee and work for defendant company while being
thus transported.  That the said William Arlie Roberts
rode upon said train from Knoxville, Tenn., to a short
distance beyond to Hot Springs, N. C., doing such work
along the way as was assigned to him by the agents of
the defendant in charge of said train.''

It is then averred that the train left Knoxville at
about one o'clock in the afternoon, and reached Hot
Springs at about 11 o'clock at night; that the deceased
was young and inexperienced, and did not fully appre-
ciate, understand, or realize the dangers and risks
of the undertaking, and that these facts were well
known to the agents and servants of the defendant rail-
way company, or, by the exercise of reasonable care,
should have been known to them; that the employment
of the deceased by the agents and servants of the rail-
way company, under these facts and circumstances and
in this manner, constituted gross negligence; that
upon the train reaching Hot Springs, N. C., the deceas-
ed disembarked, along with the other employees of the
railway company, and assisted in putting freight on
board, after which the train moved forward towards its
destination, viz., Aseville, N. C.; that shortly after the
train had resumed its movement from Hot Springs, and,
''while the train was in rapid motion over a rough and
uneven track and through the darkness, the agents and
servants of the defendant company then and there in

141 Tenn.—7

charge of said train negligently and wrongfully ordered the said William Arlie Roberts to go back over said train to an empty box car near the rear of the train and reamin in it until he reached Aseville; that in order to obey these orders it was necessary for plaintiff's said intestate to walk along the top of said cars while they were in rapid motion over said rough and uneven track and pass from one car to another by jumping over the intervening distance in the darkness; that this could be safely accomplished only by one having experience in said work or employment; that the said William Arlie Roberts thereupon attempted to obey said orders given him as aforesaid, and, while attempting to pass along the top of said train, was thrown and caused to fall by the swerving and jerking of the car on which he was riding, and fell between the cars of said train and was run over, crushed and killed under the wheels of said train."

The declaration was amended by adding the following further averment, to wit:

"That the employment of the said William Arlie Roberts by the agents and servants of the defendant in charge and control of said train on said occasion was in accordance with the long-established usage, custom, and practice of the defendant of allowing, permitting, and procuring its said agents and servants in charge of its freight trains to hire special employees as their services should be needed and under circumstances similiar to those alleged herein; that said agents and servants of defendant were, on the occasion aforesaid, acting within their authority in employing said William Arlie Roberts."

The railway company interposed a demurrer to the declaration, raising the following five questions, to wit: (1) That the declaration does not allege a cause of action, in that no breach of legal duty owing by the railway company to the deceased is averred; (2) because the facts alleged do not show that the deceased was an employee of the railway company at the time of his death; (3) because, under the facts alleged, it is not shown that the deceased was a passenger of the company; (4) because the facts alleged show that the deceased was a trespasser, and the company would only be liable for willful or wanton injury caused by its servants; and (5) because the facts alleged show that at the time of his death, intestate was riding the train in violation of the federal statutes regulating interstate commerce, and especially the statute applicable to free transportation to persons by the interstate carrier from one state to another.

The demurrer was sustained by the court below upon all of the grounds stated, and the court of civil appeals reversed the judgment of the court below, holding that, while the declaration contains some expressions which lend support to the view that the boy was a trespasser or licensee and was upon the train by the connivance of the agents and servants of the railway company, and without formal employment, that the averments of the declaration are sufficiently emphatic to show that the deceased was an employee of the company at the time of his death, and that that and other questions raised can only be determined upon the evidence introduced at the trial.

In this holding we concur.

The decision of the second ground of demurrer is determinative of the other questions raised, and the resolving of this question in favor of the plaintiff below renders unnecessary a discussion of the other questions above set forth, as raised by the demurrer and assignments of error.

It is true that some of the statements made in the declaration seem to indicate that the deceased was upon the freight train in question for the purpose of being "transported;" but, taking the declaration as a whole, and the portion quoted above, we think it definitely appears that he was in the employment of the defendant below, and that such employment was effected by the agents and servants of the railway company duly empowered and authorized to act in the matter, and with the knowledge, consent, and acquiescence of the company. We do not see how the averments of the declaration can be admitted as true (which is done by demurrer, for the purpose of testing the sufficiency in law of the averments of the declaration), without admiting averments constituting a cause of action.

We have considered the cases cited and relied on by the railway company, viz. *Illinois Central Railway Co.* v. *Messina,* 240 U. S., 395, 36 Sup. Ct., 368, 60 L. Ed., 709, and *Southern Railway Co.* v. *Linear,* 138 Tenn., 543, 198 S. W., 887, L. R. A., 1918B, 1114, upon its theory that the deceased was a passenger upon the freight train, but, as above stated, in our view of the case, these cases are not now applicable. The conclusion cannot be reached, from the averments of this declaation, that the deceased was a passenger upon said

freight train, or that he was riding in violation of the federal statute relating to free transporation.   In order to come to such a conclusion, it would become necessary to infer a fact not set forth in the declaration; and this would have to be done in the face of, and in direct contradiction to, the positive averment that the deceased was upon the train ''as an employee.''

It is also urged in this court by the railway company that the declaration is fatal because, having been brought under the federal Employers' Liability Act, for damages for the negligence of a. fellow servant, it is necessary that the declaration allege the pecuniary loss to the beneficiary.   It does not appear that this question was raised or suggested in the courts below, either by the demurrer, the motion for a new trial, or assignments of error.   The company refers us to *Railway Co.* v. *Anderson,* 134 Tenn., 687, 185 S. W., 682 L. R. A., 1918C, 1115, Ann.- Cas. 1917D, 902, where this court said among other things:

''We find it necessary again to point out that there should, in suits founded on this act, be pleadings avering the .  .  . losses which plaintiffs expect to prove.''

It will be seen however, that in that case, in accordance with the many other decisions of this court, it was recognized ''that matters of substance omitted from a declaration might be cured by plea or amendment.'' 134 Tenn., pp. 676-681, 185 S. W., 679, 680, and cases cited. We do not find it necessary or proper to pass upon this question upon this record, for the reason that under the sions of this court heretofore the lower courts will not be placed in error upon matters raised for the first time in this court, when same were not raised or suggested in the

courts below. *Jones* v. *Cullen,* 100 Tenn., 24, 42 S. W., 873; *Carson* v. *Peterson,* 105 Tenn., 541, 58 S. W., 1060; *Coal & Coke Co.* v. *Steel Co.,* 123 Tenn., 428, 131 S. W., 988, 31 L. R. A. (N. S.), 278; *Boshwitz* v. *Lawhorn,* 131 Tenn., 705, 176 S. W., 1037, and many other cases in accord. The wisdom of this rule or principle is made manifest and apparent in the instant case. We have no reason to doubt that, had the question been raised or suggested in the circuit court, the plaintiff below would have cured this omission by amendment to the declaration; at least, he would have been afforded the opportunity to have done so. Upon remand, this opportunity might yet be availed of, as held in *Railway* v. *Anderson,* supra.

For the reasons stated, let the decree of the court of civil appeals be affirmed. The railway company will pay all costs of the appeal.