## 10282

### HINNANT v. SOUTHERN RY. CO. *ET AL.*

#### (100 S. E. 709.)

1. CARRIERS—RAILROADS—RIDING FREE, WITH CONSENT, UNLAWFUL, PRECLUDING RECOVERY FOR INJURY.—One riding on the engine of an interstate freight train by permission of the conductor and engineer, without payment of fare, violates the State and Federal statutes, and cannot recover for personal injury on theory that he was a licensee.

2. CONTRACTS—ILLEGALITY OF CONTRACT.—No action can be based on an illegal contract.

Before SEASE, J., Bamberg, Fall term, 1917. Reversed.

Action by H. Y. Hinnant against the Southern Railway Company and others. Judgment for plaintiff, and defendants appeal.

*Messrs. Harley & Blatt* and *B. W. Miley,* for appellants.
*Messrs. Harley & Blatt* submit: *The Court erred in refusing
to grant an order for a nonsuit and to direct a verdict for
the defendant when the testimony went to show that neither
the conductor nor engineer was clothed with authority to
invite or permit persons to ride on freight trains not
intended to carry passengers:* 113 Ga. 9; 61 Minn. 296; 63
Minn. 380; 64 Minn. 168; 3 Okla. 41; 108 Tenn. 1; 87
Texas 160; 98 Tex. 110; 67 Fed. 522; Elliott on Railroads
(2d Ed.), secs. 302, 1580-81; 6 Cyc. 440, citing cases; 66
Kan. 438; 61 L. R. A. 120; 16 Ind. App. 584; 149 Mass.
204; 14 Am. St. Rep. 411; 124 Ind. 395; 51 Conn. 143; 50
Am. Rep. 12; 87 Tex. 160; 27 S. W. 118; 114 Fed. 123;
153 Mass. 188; 35 Tex. Civ. Ap. 79; S. W. 1101; (Mich.)
95 N. W. 546; 133 Mich. 557; 66 Ohio St. 276; 64 N. E.
119; 157 Ind. 20; 60 N. E. 69; 25 S. C. 531; 49 S. C. 17;
63 S. C. 57; 64 S. C. 559; 25 L. R. A. 79; 136 Ind. 368; 36
N. E. Rep. 272; 122 Fed. 228; 16 Ind. App. 584; 136 Ind.
366; 142 N. C. 68; 54 S. E. 849; 23 S. C. 531; 91 Penn. St.
458; S. C. 36 Am. Rep. 675; 95 Penn. St. 398; S. C. 40 Am.
Rep. 664; 86 S. C. 116; 96 S. C. 430;  U. S. 60 L. Ed. 709.

*Messrs. Carter & Carter,* for respondent, submit: *That
under the testimony and the law governing the case, the jury
was the proper tribunal to say whether or not the
employees in charge of the train in question were clothed with
authority to take plaintiff on said train:* 31 Am. St. Rep.
122; 90 S. C. 331; 23 Am. Eng. E. L., 2d Ed., pp. 740-741;
94 Fed. Rep. 321; 105 Cal. 379; 160 Mass. 211; 38 Oregon
343; 86 Wis. 64; 89 Wis. 151; 18 Am. Eng. E. L., 2d Ed.
1138; 46 Am. Rep., p. 667; 92 N. Y. 289; 44 Am. Rep.
377; 102 U. S. 577; 30 Conn. 390. *What duty did the
railroad company owe the plaintiff as a licensee?* Corpus
Juris, vol. X, p. 622; Am. Eng. E. L., 2d Ed., vol. XXIII, p.
736; Am. Eng. E. L., 2d Ed., vol. V, p. 507, note 4; 90 S.

C. 335; 82 S. C. 323; 61 S. C. 557; 57 S. C. 332. *The question of contributory negligence was properly left to the jury:* 103 S. C. 326-327; (vol. VIII, Enc. U. S. Supreme Court Reports 884); 65 S. C. 440.

October 14, 1919.

The opinion of the Court was delivered·by MR. JUSTICE FRASER.

The essential facts in this case may be briefly stated. The plaintiff entered the cab of the engine of one of defendant's freight trains, to go from Ridgeway to Columbia. The train was an interstate train. The plaintiff's father had been in the employ of the defendant, and the plaintiff testified that he had many times traveled in the way he was traveling on the day in question, without paying fare. The plaintiff said he was on the engine with the consent of the conductor and engineer. On the way there was a collision between the freight train and. a work train, in which the plaintiff was seriously injured.

At the close of the testimony for the plaintiff, the defendant moved for a nonsuit and this was refused. At the close of all the testimony, the defendant moved for a direction of a verdict in its behalf, which. was also refused. The motions were made on the ground that the plaintiff was not only a trespasser, but was on the train in violation of the statutes, both State and Federal.

The trial Judge properly held that the plaintiff was on the train in violation of the State and Federal statutes, but refused to direct a verdict.

There is properly but one question in this case, to wit, Can one who is on a train, not merely without warrant of law, but in contravention of law, recover damages for an injury received while so riding? The answer is that he cannot. Ruling Case Law, vol. XI, sec. 215, p. 817.

We find: "The general rule that no action can be based on an illegal contract is, therefore, not open to question."

The plaintiff claims to be a licensee, and, therefore, under contract.

The Supreme Court of the United States refused to allow a recovery in a similar case. *Illinois Central R. R. Co. v. Messina,* 240 U. S. 395, 36 Sup. Ct. 368, 60 L. Ed. 709.

Neither the conductor, the engineer, nor the defendant itself can make a contract in violation of law, or waive the requirements of the law. The Courts are jealous to see that no discrimination is made directly or indirectly.

The judgment is reversed.