## UNITED STATES v. PETERSON.

(District Court, D. Montana. October 6, 1924.)

**1. Carriers ☞38 — Offense of discrimination can be committed by carrier only, and not by employee.**

Comp. St. §§ 8564, 8574, 8597, prohibiting preferences and making it an offense for any carrier, or any of its officers or employees, to willfully grant such preference have for their object the prevention of discrimination by a common carrier between its patrons, and the offenses denounced can be committed only by the carrier, and in so far as the statute expressly includes other persons it is only as aiders, abettors, accomplices, or accessories of the carrier, while acting within the scope of their employment.

**2. Carriers ☞38—Sale by employee at reduced rates of tickets embezzled from railroad company held not federal offense.**

An employee of an interstate railroad company, who embezzled passenger tickets from the company and sold them at reduced rates, *held* not to have committed an offense under the Interstate Commerce Act (Comp. St. § 8574), since that statute applies only to acts done within the scope of his employment and for which the company would be responsible.

**3. Criminal law ☞13—Offense must be plainly and unmistakably within the statute.**

Before a man can be punished for a crime, his case must be plainly and unmistakably within the statute.

Criminal prosecution by the United States against Nels Peterson. On demurrer to indictment. Demurrer sustained.

John L. Slattery, U. S. Atty., and Ronald Higgins and W. H. Meigs, Asst. U. S. Attys., all of Helena, Mont.

BOURQUIN, District Judge. The indictment charges that defendant, "while and as" agent for an interstate railroad corporation common carrier, for less than the established rate unlawfully sold tickets for interstate transportation over said railroad, "contrary to the law governing interstate commerce." Upon demurrer it is agreed that defendant embezzled and sold the tickets, and that this circumstance shall be taken into account as though set out in the indictment.

[1] The interstate commerce statutes provide that discrimination by common carriers in interstate rates is unlawful; that any

common carrier or officer, agent "or person acting for or employed by" a corporation carrier, who willfully violates the statutes, is guilty of a misdemeanor, and that the acts therein of any said persons, "acting for or employed by any common carrier, * * * within the scope of his employment," shall be deemed the acts of the carrier as well as of the person. Sections 8564, 8574, 8597 Comp. Stat.

These statutes have as their object the termination of the public evil of interstate carriers' discriminations in respect to patrons. Of this evil petty embezzlements and sales of tickets by the carriers' subordinate employees are no part, were not expressly taken into account by Congress, and after the statutes, as before, are left to the sufficient police power of the states to deal with local offenses. This is further indicated, in that the statutes do expressly penalize embezzlements by carriers' officers and which might assume magnitude. Section 8602a, Comp. Stat.

True, it is not the embezzlement of the ticket, but the sale of it for less than the established rate, that is the basis of the charge, "less compensation for * * * service * * * to be rendered." But the duty of nondiscrimination by the statutes created is imposed upon common carriers, and the offenses denounced are violations of this duty by common carriers; that is, the offenses can be committed only by a class, viz. common carriers. In so far as the statutes expressly include other persons, it is only as aiders, abettors, accomplices, and accessories of common carriers, and who would be included by the general statutes, even had the interstate commerce statutes failed to mention them.

[2] It follows that, unless there is a common carrier guilty as principal, the carrier's employees or other persons cannot be guilty as aiders, abettors, accomplices, or accessories, not even as offenders by the agency of an innocent principal; and that, because they are not of the class that alone can commit the offenses by the statutes denounced, viz. common carriers who willfully discriminate, and those persons who aid or abet them therein. The fact that the defendant was "employed by" the carrier is not enough; for, taking the statutes as a whole, it seems clear their intent is to include the employee only when "acting within the scope of his employment" and thereby imposing equal guilt upon the carrier. This defendant for the nonce abandoned his employment, acted without his employment, in trespass against his employer, and for his own benefit. His acts attach no criminality to the carrier, and, without it guilty as principal, he is not guilty, for reasons aforesaid.

[3] It does not suffice that defendant's case may be within the mischief of the statutes, for, not clearly within their letter, it is not within their intent. "Laws which create crime ought to be so explicit that all men subject to their penalties may know what * * * to avoid," and "before a man can be punished, his case must be plainly and unmistakably within the statute," says the Supreme Court in U. S. v. Brewer, 139 U. S. 278, 11 Sup. Ct. 538, 35 L. Ed. 190. There is nothing in Illinois, etc., Co. v. Messina, 240 U. S. 395, 36 Sup. Ct. 368, 60 L. Ed. 709, contrary hereto.

Incidentally, said case fails to cite, and in principle seems irreconcilable with, the like case of Southern, etc., Co. v. Schuyler, 227 U. S. 601, 33 Sup. Ct. 277, 57 L. Ed. 662, 43 L. R. A. (N. S.) 901. However, abundantly defendant may have offended state law, no federal offense is charged in the indictment, and the demurrer is sustained.