ROY NOBLE LEE, Justice,
for the Court:
Rickie Alford was indicted, tried and convicted in the Circuit Court of Jackson County, Honorable Robert Mills, presiding, for manslaughter by culpable negligence resulting from an automobile collision and sentenced to ten (10) years with the Mississippi Department of Corrections. He has appealed and assigns seven errors in the trial below.
On February 21, 1981, around 10 p.m., appellant was driving a 1977 Chevrolet Corvette in a southerly direction on Telephone Road near its intersection with Hospital *941 Road in Pascagoula, Mississippi, and Randy Breedlove was driving a 1978 Ford Fair-mont in a northerly direction on said street. Appellant drove his automobile around another southbound vehicle into the northbound lane, colliding headon with the Breedlove vehicle. Mrs. Breedlove was killed in the collision.
I.
Did the lower court err in admitting the testimony of Cheryl Hatten with reference to the withdrawal of a blood sample from appellant in violation of the medical privilege?
Four witnesses testified that appellant was highly intoxicated. Cheryl Hatten, emergency room nurse, obtained a blood sample from appellant upon the instruction of a Dr. Horn (emergency room physician). Over objection, she explained how the sample was taken and what she did with it and that it was not obtained at the request of police officers. She also testified over objection, that, in her opinion, appellant was intoxicated, based on her observation of him that night. The lower court suppressed evidence indicating the result of the blood test.
Mississippi Code Annotated § 13-1-21 (Supp.1982) is the privileged communication statute. In Ramon v. State, 387 So.2d 745, 750 (Miss.1980), in discussing the application of the statute to nurses, the Court said:
On the question of privileged communications heard or received by nurses, this Court clearly laid down rules to be followed in Mississippi Power & Light Co. v. Jordan, 164 Miss. 174, 143 So. 483 (1932). We do not recede from our pronouncement that if a nurse at the time of receiving medical information was an agent of the physician attending the patient and the nurse’s presence was in connection with the physician’s treatment, that knowledge is privileged and the testimony would be excluded upon objection.
The Court held in Yazoo & MVR Co. v. Messina, 109 Miss. 143, 67 So. 963 (1915), rev. on other grounds, 240 U.S. 395, 36 S.Ct. 368, 60 L.Ed. 709 (1916), that communications between a physician and patient in-eluded not only verbal communication but anything which is revealed by a physical examination.
Intoxication was an important issue in the trial. Four witnesses testified that, in their opinion, appellant was highly intoxicated. Since the results of the blood test were excluded, we do not think that there was violation of the privileged-communication statute. Testimony of Nurse Hatten that appellant was intoxicated from her observation of him would not constitute reversible error since it was cumulative of the other testimony of intoxication introduced by the State.
II.
Did the lower court err in declining to strike testimony of Patrolman Richard Horn?
Officer Horn was one of the first officers to arrive at the collision scene. He observed the appellant and described his conduct as loud and boisterous. Officer Horn also testified that he could smell alcohol five to six feet from the car and that appellant was intoxicated. On cross-examination, appellant’s attorney questioned Officer Horn as follows:
Q. So other than just the smell or that you smelled alcohol at the car is all you know about whether or not the defendant was intoxicated or not, isn’t that correct?
A. I have dealt with enough drunks, enough drunk drivers that there was . ..
Q. Well, tell us then what — you’ve gone down and elaborated on what he did, what you saw, what he said, what you said, is there anything else to tell us that the man was drunk?
A. The blood alcohol rate came back as .27.
Q. You didn’t take a blood alcohol, did you?
A. No sir, I did not.
Q. You didn’t have a blood alcohol test out there at the automobile, did you?
A. No sir, I did not.
*942 Subsequent to the above cross-examination, appellant’s attorney moved to strike the testimony relating to the blood alcohol test and to instruct the jury to disregard such testimony. The lower court overruled the motion on the ground that no objection was made contemporaneous with or immediately after the answers of the witness and that the cross-examination continued after the answers.
We are of the opinion that appellant’s attorney invited the testimony of Officer Horn when he asked, “[I]s there anything else to tell us that the man was drunk?” We think that the lower court did not commit reversible error in overruling the motion.
III.
Did the lower court err in admitting the testimony of the pathologist, Dr. James Stith, concerning matters which invaded the province of the jury?
Dr. James Stith, a pathologist, testified that, in his opinion, an individual of appellant’s size and weight and with a blood alcohol content of .27 would be in an advanced state of intoxication with impaired judgment and coordination. Attorney for appellant objected to that testimony. The testimony of Officer Horn as to the blood alcohol content of .27 was properly in the record and the hypothetical question was based on that evidence. We are of the opinion that the testimony does not constitute error.
IV.
Did the lower court err in prohibiting the defense attorney from commenting on the State’s failure to meet its burden of proof?
During closing argument, appellant’s attorney stated that, except for Officer Horn’s comments, the prosecution had failed to prove the results of the blood test. The State objected, arguing that they had been so’prohibited by the appellant’s exercise of the medical privilege. The State could not reply to the argument of appellant’s counsel in rebuttal by discussing the physician-patient privilege. Therefore, we are of the opinion that the lower court did not err in sustaining the objection to such argument.[1]
V.-VII.
The appellant contends (V) the lower court erred in refusing to admit appellant’s Exhibit # 1 (diagram of the accident scene), (VI) the district attorney’s comments during closing argument were reversible error, and (VII) appellant was denied a fair and impartial trial. We have examined the. record and have considered those assignments of error and find there is no merit in them.
There being no reversible errors in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J, WALKER and BROOM, P.JJ., BOWLING, HAWKINS, PRATHER and ROBERTSON, JJ., concur.
DAN M. LEE, J., dissents.

. Killings v. Metropolitan Life Ins. Co., 187 Miss. 265, 192 So. 577 (1940) and Reid v. Middleton, 241 Miss. 324, 130 So.2d 554 (1961), though inapplicable here, state a pertinent rule with reference to the privilege in civil cases.