## WABASH RAILROAD COMPANY *v.* HAYES.

ERROR TO THE APPELLATE COURT OF ILLINOIS, FIRST DISTRICT.

No. 843. Motion to dismiss submitted April 27, 1914.—Decided May 25, 1914.

Plaintiff, an injured employé of an interstate common carrier by rail, sued for personal injury, alleging that he was employed in interstate commerce, and stating a good cause of action under the Federal Employers' Liability Act, if so employed, and, if not, under the state law; the defendant asked for an instruction that the proof did not show that the injury occurred in interstate commerce, which the court gave, and then, over defendant's objection, treated the allegation to that effect as eliminated from the declaration and submitted the case to the jury as one under the state law, and plaintiff

had a verdict. *Held*, that defendant having asked for the instruction that the case could not be maintained under the Federal act, was bound thereby, and, therefore, was denied no right under the Federal law by the action of the state court, and the writ of error must be dismissed.

Where the state court treats a mistaken allegation that the injury occurred in interstate commerce as eliminated, it merely gives effect to a rule of local practice and does not deprive defendant of any Federal right.

*Quære*, as to what the effect would be if the shift from a claim under the Federal act to one under the state law cut the defendant off from presenting a defense open under the latter or deprived him of a right of removal.

Writ of error to review 180 Ill. App. 511, dismissed.

THE facts, which involve the jurisdiction of this court to review a judgment of the state court in an action by a railroad employé for personal injuries which did not occur in interstate commerce, are stated in the opinion.

*Mr. James C. McShane* for defendant in error in support of the motion.

*Mr. J. L. Minnis, Mr. John M. Zane* and *Mr. Charles F. Morse* for plaintiff in error, in opposition to the motion:

A Federal question is here involved; the Federal right was claimed and denied in the state court.

This court has jurisdiction of this writ of error.

In support of these contentions, see *Acardo* v. *N. Y. &c. T. Co.*, 116 App. Div. N. Y. 793; *Adams* v. *Capital State Bank*, 74 Mississippi, 307; *Atkinson* v. *Bullard*, 80 S. E. Rep. 220; *Chambers* v. *Balt. & Ohio R. R. Co.*, 207 U. S. 142; *C. & G. T. R. Co.* v. *Spurney*, 197 Illinois, 471; *Clark* v. *Southern Pacific Co.*, 175 Fed. Rep. 122; *Consolidated Coal Co.* v. *Peers*, 97 Ill. App. 188; *Cound* v. *Atchison &c. Ry. Co.*, 173 Fed. Rep. 527; *El Paso &c. R. R. Co.* v. *Gutierrez*, 215 U. S. 87; *Erie R. R. Co.* v. *Kennedy*, 191 Fed. Rep. 332; *Green Bay &c. Canal Co.* v. *Patten Paper Co.*, 172 U. S. 58;

*Hall* v. *Chicago, R. I. & P. Ry. Co.*, 149 Fed. Rep. 564; *Howerton* v. *Southern Ry. Co.*, 101 N. E. Rep. 121; *Ill. Cent. R. R. Co.* v. *Kentucky*, 218 U. S. 551; *Jones* v. *C. & O. R.. Co.*, 149 Kentucky, 566; *Ky. Union. Co.* v. *Kentucky*, 219 U. S. 140; *Kleps* v. *Bristol Mfg. Co.*, 189 N. Y. 516; *Leathe* v. *Thomas*, 207 U. S. 93; *Mallett* v. *North Carolina,* 181 U. S. 589; *McKay* v. *Kalyton*, 204 U. S. 458; *Mondou* v. *N. Y., N. H. & H. R. Co.*, 223 U. S. 1; *Nor. Car. R. R. Co.* v. *Zachary*, 232 U. S. 248; *Nutt* v. *Knut*, 200 U. S. 12; *Payne* v. *N. Y. &c. R. Co.*, 201 N. Y. 436; *Payne* v. *N. Y., S. & W. R. R. Co.*, 201 N. Y. 436; *Powell* v. *Brunswick County*, 150 U. S. 440; *St. Louis &c. R. Co.* v. *Seale*, 229 U. S. 156; *St. Louis &c. R. Co.* v. *McWhirter*, 229 U. S. 265; *Troxell* v. *Del., L. & W. R. Co.*, 227 U. S. 434; *Vandalia R. Co.* v. *South Bend*, 207 U. S. 359.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was an action against a railroad company to recover for a personal injury sustained by the plaintiff through the negligence of the company while he was employed as a switchman in its railroad yard in Cook County, Illinois. The action was brought in the Superior Court of that county, and a trial to the court and a jury resulted in a verdict and judgment for the plaintiff. The judgment was affirmed by the Appellate Court for that district (180 Ill. App. 511), which was the highest court of the State in which a decision of the case could be had, and this writ of error was then sued out by the company. By a motion to dismiss the writ our jurisdiction to review the judgment is challenged. Shortly stated, the facts bearing upon the disposition of the motion are these:

The plaintiff's declaration alleged that the injury occurred while the defendant was engaged, and while the plaintiff was employed by it, in interstate commerce. The

other allegations were such that, with that one, they stated a good cause of action under the Federal Employers' Liability Act, April 22, 1908, 35 Stat. 65, c. 149, and, without it, they stated a good cause of action under the common law prevailing in the State. There was a plea of not guilty; and upon the trial, the proof failing to show that the injury occurred in interstate commerce, the court, at the defendant's request, instructed the jury that the Federal Employers' Liability Act had no application to the case. Then, over the defendant's objection, the court treated the allegation respecting interstate commerce as eliminated, and submitted the case to the jury as one controlled by the common law prevailing in the State. The plaintiff recovered under that law. In the Appellate Court the defendant contended that, even though the allegation that the injury occurred in interstate commerce proved unwarranted, the declaration could not be treated, consistently with the Federal act, as affording any basis for a recovery under the law of the State, common or statutory. But the court held otherwise and sustained the recovery under the state law. Whether that ruling operated as a denial of a right or immunity to which the defendant was entitled under the Federal act is the question, and the only question, sought to be presented by the assignments of error.

Had the injury occurred in interstate commerce, as was alleged, the Federal act undoubtedly would have been controlling and a recovery could not have been had under the common or statute law of the State; in other words, the Federal act would have been exclusive in its operation, not merely cumulative. *Mondou* v. *New York, New Haven & Hartford Railroad Co.,* 223 U. S. 1, 53–55; *St. Louis &c. Railway Co.* v. *Seale,* 229 U. S. 156, 158; *North Carolina Railroad Co.* v. *Zachary,* 232 U. S. 248, 256; *Seaboard Air Line Railway* v. *Horton,* 233 U. S. 492. On the other hand, if the injury occurred outside of interstate

commerce, the Federal act was without application and
the law of the State was controlling.  *Illinois Central
Railroad Co.* v. *Behrens,* 233 U. S. ·473.  That the injury
did occur outside of interstate commerce was declared in
the court's instruction to the jury, and the defendant,
having requested the instruction, is bound by it.  It
therefore must be taken as settled that the right of re-
covery arose under the state law.

The plaintiff asserted only one right to recover for the
injury, and in the nature of things he could have but one.
Whether it arose under the Federal act or under the state
law, it was equally cognizable in the state court; and had
it been presented in an alternative way in separate counts,
one containing and another omitting the allegation that
the injury occurred in interstate commerce, the propriety
of proceeding to a judgment under the latter count, after
it appeared that the first could not be sustained, doubtless
would have been freely conceded.  Certainly, nothing in
the Federal act would have been in the way.

Instead of presenting his case in an alternative way, the
plaintiff so stated it as to indicate that he was claiming
only under the Federal act.  And when the proofs dem-
onstrated that the injury arose outside of interstate com-
merce and therefore that no recovery could be had under
the Federal act, the court was confronted with the ques-
tion whether the declaration could be amended, or re-
garded as amended, to conform to the proofs.  Holding
that this could be done, the court treated the mistaken
allegation that the injury occurred in interstate commerce
as eliminated.  Therein the court merely gave effect to a
rule of local practice, the application of which was not in
anywise in contravention of the Federal act.  See *Mondou*
v. *New York, New Haven & Hartford Railroad Co., supra,*
pp. 56–57.

It follows that the contention that the defendant was
denied a right or immunity to which it was entitled under

the Federal act is not only untenable but so devoid of color as to furnish no basis for this writ of error. See *Sawyer* v. *Piper*, 189 U. S. 154.

As it is not claimed that by reason of the shifting from one law to the other the defendant was cut off from presenting any defense which was open only under the latter, or that the course taken by the plaintiff deprived the defendant of a right of removal otherwise existing, we intimate no opinion in either connection.

*Writ of error dismissed.*