SEABOARD AIR LINE RAILWAY *v.* KOENNECKE.

ERROR TO THE SUPREME COURT OF THE STATE OF SOUTH CAROLINA.

No. 491. Argued November 30, 1915.—Decided December 13, 1915.

The allowance by the trial court after the testimony was in, and over defendant's objection, of an amendment to bring the case specifically under the Employers' Liability Act, *held* not to have exceeded the discretionary power of the court, or to have been so arbitrary as to amount to denial of due process of law.

In actions under the Employers' Liability Act, when questions of negligence and the like are brought here only because arising in actions under the statute and involving no new principles, this court confines itself to a summary statement of results.

In this case, as deceased was engaged in distributing cars from an interstate train and clearing the track for another interstate train, he was engaged in interstate commerce.

The possibility that a local train might before arrival at final destination where the accident occurred have dropped all interstate cars and taken up only local cars is too remote to warrant withdrawal of a case under the Employers' Liability Act from the jury.

On the record in this case, it would not have been proper for the trial court to have withdrawn the case from jury on questions of defendant's negligence or plaintiff's assumption of risk.

101 S. Car. 86, affirmed.

THE facts, which involve the construction of the Employers' Liability Act and the validity of a verdict of the state court in a suit for death of an employé, are stated in the opinion.

*Mr. Jo Berry S. Lyles* for plaintiff in error.

*Mr. Frank G. Tompkins*, with whom *Mr. C. S. Monteith* and *Mr. W. H. Cobb* were on the brief, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action brought by the defendant in error for causing the death of her intestate, J. T. Koennecke. The latter was run over by a train of the plaintiff in error (the defendant,) while acting as switchman in the defendant's yard at Cayce, South Carolina. The declaration alleged reckless negligence, and set out that the wife and four children named were the only heirs and distributees of the deceased, that they were dependent upon him for support, and that they had suffered damage to the amount of $75,000. There was a statute in South Carolina similar to Lord Campbell's Act and allowing exemplary damages in the case alleged. In view of testimony brought out on cross-examination of the plaintiff's witnesses the plaintiff

asked leave to amend so as specifically to bring the case under the Employers' Liability Act of Congress, of April 22, 1908, c. 149; 35 Stat. 65, the declaration as it stood not disclosing in terms under which statute the action was brought. If it were read as manifestly demanding exemplary damages, that would point to the state law, but the allegation of dependence was relevant only under the Act of Congress. The amendment was allowed over a denial of the power of the court to allow it, which, however, is not argued here. *Central Vermont Ry.* v. *White,* 238 U. S. 507. *Missouri, Kansas & Texas Ry. Co.* v. *Wulf,* 226 U. S. 570, 576. The defendant then objected to the trial going on. The court left it to the counsel to say whether he was taken by surprise, and, the counsel not being willing to say so although saying that he was not prepared on the question of dependency, ordered the trial to proceed. It was alleged as an error that the requirement was contrary to the Fourteenth Amendment. The other errors alleged concerned the sufficiency of the evidence said to bring the case within the Act of Congress and also the evidence touching the questions of negligence and assumption of risk. The plaintiff got a verdict for $22,500, and the Supreme Court of the State sustained the judgment. 101 S. Car. 86; 85 S. E. Rep. 374.

There is nothing to show that the trial court exceeded its discretionary power in allowing the trial to go on—still less that there was such an arbitrary requirement as to amount to a denial of due process of law within the Fourteenth Amendment. The court well may have considered that the defendant was endeavoring to get a technical advantage, as it had a right to, but that it would suffer no wrong. The cause of action arose under a different law by the amendment, but the facts constituting the tort were the same, whichever law gave them that effect, and the court was warranted in thinking that on the matter of dependency there was no surprise.

Next it is urged that there was no evidence that the deceased was employed in interstate commerce. Upon such matters, as upon questions of negligence and the like, brought here only because arising in actions on the statute and involving no new principle, we confine ourselves to a summary statement of results. The deceased was engaged in distributing the cars from an interstate train and clearing the track for another interstate train. We see no ground for dispute upon this point. *Ill. Cent. R. R.* v. *Behrens,* 233 U. S. 473, 478. The suggestion that, the train that had come in being a local train, it might have dropped all the cars that came from outside the State and taken up others appears to us to present too remote a possibility to warrant withdrawing the case from the jury. See *N. Y. Cent. & Hudson R. R. R.* v. *Carr,* 238 U. S. 260.

We see equally little ground for the contention that there was no evidence of negligence. It at least might have been found that Koennecke was killed by a train that had just come in and was backing into the yard, that the movement was not a yard movement, that it was on the main track and that there was no lookout on the end of the train and no warning of its approach. In short the jury might have found that the case was not that of an injury done by a switching engine known to be engaged upon its ordinary business in a yard, like *Aerkfetz* v. *Humphreys,* 145 U. S. 418, but one where the rules of the company and reasonable care required a lookout to be kept. It seems to us that it would have been impossible to take the case from the jury on the ground either that there was no negligence or that the deceased assumed the risk. Upon a consideration of all the objections urged by the plaintiff in error in its argument and in its briefs, we are of opinion that the judgment should be affirmed.

*Judgment affirmed.*