## 9566

### SEYLE v. CHARLESTON TERMINAL CO.

#### (90 S. E. 1016.)

MASTER AND SERVANT—INJURY—LAW GOVERNING—QUESTION FOR JURY.— The issue of fact whether the State or Federal law is applicable in the case of fatal injury to a railroad employee should be submitted to the jury, there being evidence from which reasonable inference could be drawn that neither he nor the train from which he fell was, at the time, engaged in interstate commerce.

Before Hon. Edw. McIver, special Judge, and Wilson, J., Charleston, January and April, 1916    Reversed.

Action by John F. Seyle, administrator of John H. Seyle, deceased, against the Charleston Terminal Company. Judgment for defendant, and plaintiff appeals.

*Messrs. Logan & Grace,* for appellant, cite: *As to burden of proof:* 1 Greenleaf Ev., sec. 41; 98 S. C. 381; 100 S. C. 375; 236 U. S. 671. *Character of employment:* 97 S. C. 50. *Damages:* 79 S. E. 970; Tiffany Wrongful Death, sec. 159; 155 Fed. 277; 88 C. C. A. 21; 83 S. E. 573; 150 N. W. 1088. *Issue for jury:* 99 S. C. 42; 101 S. C. 787; 232 U. S. 245.

*Messrs. Mitchell & Smith* and *Mordecai & Gadsden & Rutledge,* for respondents, cite: 35 Sup. Ct. Rep. 306; 98 S. C. 197; 98 S. C. 348, 384; 228 U. S. 173.

December 23, 1916.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This is an action for actual and punitive damages, arising out of the death of plaintiff's intestate, alleged to have been caused by the negligence and wantonness of the defendant.

The complaint thus describes the manner in which the plaintiff's intestate was killed:

"That, as plaintiff is informed and believes, on or about the 24th day of October, 1913, plaintiff's intestate, John H. Seyle, was in the employ of said defendant corporation as a conductor, and as such in the course of his employment and duty it was necessary for him to ride on top of the cars on the line of said railroad operated by said defendant corporation; that on or about the night of said 24th day of October, 1913, plaintiff's intestate was riding on top of a car forming one of a train on the line of railroad operated by said defendant corporation, and while on said car it suddenly gave an unusual and extraordinary jolt, jar, and jerk, causing said plaintiff's intestate to be thrown off said car and onto the track beneath said train; that said train, or a portion thereof, passed over said plaintiff's intestate and left him lying helpless on said track; that while said plaintiff's intestate was on said track and endeavoring to raise himself up, but was in a practically helpless condition, an engine and tender, run, managed, and operated by said defendant corporation, its agents and servants, and manned by a crew which was seeking plaintiff's intestate, without notice or warning, and running at a high and dangerous rate of speed, ran down on said plaintiff's intestate."

The acts of wrong on the part of the defendant are thus specified:

"(a) In causing and allowing said car, on which the plaintiff's intestate was riding, to be moved with a sudden, unusual, and extraordinary jolt, jar, and jerk. (b) In running down upon plaintiff's intestate while he was on the track in a dazed and helpless condition. (c) In not taking any care or precaution to observe that plaintiff's intestate was missing from the top of said train of cars, and at once stopping said train and making search for said plaintiff's intestate. (d) In not so managing and running its engine and tender that it would not have run down and upon

plaintiff's intestate, while he was helpless and dazed upon the track."

The defendant alleges that the death of John H. Seyle, the deceased, was caused by his negligence, which was so gross as to amount to wilfulness, in that, while the deceased was on top of one of defendant's cars, which was being moved by signals given by him, he assumed a position so near the end of the said car, while the train was moving slowly, that he lost his balance and fell or missed his footing; that the said train ran over. him, and caused the injuries from which he died.   When the case was being tried the first time, it appeared upon the cross-examination of the plaintiff's witnesses that the defendant was engaged in interstate commerce.   Thereupon the plaintiff's attorneys stated that they were taken by surprise, and upon their motion it was ordered that the case be withdrawn from the jury and continued, with leave to the plaintiff, to amend his complaint so as to conform to the proof, and to bring the action under the Federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1913, sections 8657-8665]) if so advised.   The plaintiff did not deem it advisable to make any changes in the complaint. At the close of the plaintiff's testimony, upon the second trial, the defendant made a motion for a nonsuit, on the following grounds:

"That there is a total failure of evidence, of any of the acts of negligence alleged in the complaint, and there is no evidence that any act of negligence alleged in the complaint constituted the proximate cause of the injury.   That even if if it were so that there was any evidence of any of the acts of negligence, alleged in the complaint, constituting the proximate cause of the injury, it appears in evidence that the train causing the alleged injury was engaged in interstate commerce, and that the deceased was working for the defendant in such interstate commerce, at the time of the injury; and that there is no evidence that the plaintiff, or any one else,

was in the relation of being dependent upon the deceased, or that the plaintiff had any right to expect pecuniary assistance from the deceased as contemplated by the law of this case."

His Honor, the presiding Judge, said:

"I cannot escape the conclusion that this motion for a nonsuit must prevail. I prefer giving my reasons for it in writing, which I will do. It seems to me, on all three of the points made, that it is unanswerable that the plaintiff cannot proceed with his case. On the ground of negligence, first, there has been no negligence shown on the part of the railroad company; the fact that a man has been killed does not prove negligence, he must have been killed by some act of the railroad company averred in the complaint, and there must be some testimony on that point, and I think on that ground the nonsuit is proper. On the ground that he was engaged in interstate commerce, this suit, being under our State statute, would have to go out—that fact appearing. * * *"

Thereafter, when his Honor, the presiding Judge, gave his reasons in writing, he made no material change, except in the additional statement that:

"So far as the facts shown by the plaintiff in this case are concerned, the most that could be claimed is that the father of the deceased had, on occasions, received sums of money from his son, in the way of gifts."

The first question we will determine is whether there was error in granting the nonsuit on this ground:

"That even if it were so that there was any evidence of any acts of negligence, alleged in the complaint, constituting the proximate cause of the injury, it appears in evidence that the train causing the alleged injury was engaged in interstate commerce at the time of the injury."

In ruling thereon, his Honor, the presiding Judge, said:

"On the ground that he was engaged in interstate commerce this suit, being under our statute, would have to go out—that fact appearing."

The fact that it appeared from the testimony that the deceased was employed in interstate commerce at the time he was alleged to have been thrown from the top of the car did not preclude the consideration of other testimony, by the jury, tending to show negligence and wilfulness on the part of the defendant, in causing the death of the deceased, while it was engaged in interstate commerce. Whenever there is testimony from which it could be reasonably inferred that the railroad company was operating an interstate train, or that the person injured was not employed in interstate commerce, at the time of the injury, the case should be submitted to the jury, under proper instructions, both as to Lord Campbell's Act and the Federal Employers' Liability Act. *Howell v. Railway,* 99 S. C. 417, 83 S. E. 639.

"When, under proper allegations of the complaint or answer and the evidence adduced there is an issue of fact whether the State or Federal law is applicable, the case should be submitted to the jury under proper instructions as to both aspects of it, so that the jury may render their verdict under the one or the other, as they may find the facts." *Keonnecke* v. *Railway,* 101 S. C. 86, 85 S. E. 374; *Seaboard Air Line R. Co.* v. *Keonnecke,* 239 U. S. 352, 36 Sup. Ct. 126, 60 L. Ed. 324.

There was testimony from which a reasonable inference could be drawn that plaintiff's intestate was killed at a time when neither he nor the train from which he fell was engaged in interstate commerce. It was error, therefore, to sustain this ground of nonsuit, and the case should have been submitted to the jury.

The next question that will be considered is whether there was error in granting the nonsuit on the following ground:

"That there is a total failure of evidence of any of the acts of negligence alleged in the complaint, and that there is no

evidence that any act of negligence alleged in the complaint was the proximate cause of the injury."

This Court is satisfied that there was testimony tending to show such negligence as constituted the proximate cause of the injury, but do not deem it advisable to discuss the evidence, in detail, as it will be necessary to remand the case for a new trial, and such discussion might be given undue weight by the jury.

The last ground upon which the nonsuit was granted is as follows:

"That there is no evidence that the plaintiff, or any one else, was in relation of being dependent upon the deceased, or that the plaintiff had any right to expect pecuniary assistance from the deceased as contemplated by the law of this State."

There was testimony from which it could be reasonably inferred that the plaintiff was entitled to damages, either under the Federal Employers' Liability Act or Lord Campbell's Act. But we will not discuss the evidence in detail, for the reasons already stated.

Judgment reversed, and case remanded for new trial.