## 9839

### SEYLE v. CHARLESTON TERMINAL CO.

#### (95 S. E. 178.)

1. TRIAL—NONSUIT—EVIDENCE.—For the Supreme Court to sustain order of nonsuit, it must be satisfied that plaintiff's evidence, when considered in connection with defendant's, is susceptible only of the inference that it fails entirely to sustain the material allegations of the complaint.

2. APPEAL AND ERROR—ALLOWANCE OF AMENDMENT TO ANSWER—DISCRETION OF COURT.—Exception by plaintiff to the action of the trial Court in allowing defendant to amend its answer after remand on first appeal must be overruled, where it is not made to appear that the Court's discretion was erroneously exercised.

Before BOWMAN, J., Charleston, Spring term, 1917. Reversed.

Action by John F. Seyle, as administrator of John H. Seyle, against the Charleston Terminal Company. From judgment for defendant, plaintiff appeals.

*Messrs. Logan & Grace,* for appellant, cite: *As to error in directing verdict for defendant:* Greenleaf on Evidence, vol. I, sec. 41; 98 S. C. 381; 94 S. C. 175; 60 S. C. 9; 86 S. C. 306; 100 S. C. 294; 97 S. C. 409; 86 S. C. 304; 93 S. E. No. 7, p. 395; 93 S. E. 188; 106 S. C. 123; 107 S. C. 327; 107 S. C. 37; 106 S. C. 220; 100 S. C. 375; 233 U. S. 58 Law Ed. 1051; 163 N. C. 554; 79 S. E. 970; Tiffanny on Wrongful Death (2d ed.), sec. 159; 155 Fed. Rep. 277; C. C. A. 21; 20 Colo. 178, 182; 37 Pac. 721; 46 Am. St. Rep. 279; 5 Colo. App. 321, 327; 38 Pac. 856; 71 C. C. A. 619; 138 Fed. 867 (1 L. R. A. (N. S.) 1161); 83 S. E. 573; N. W. Rep., vol. 150, 1088; 93 S. E. 390; 84 S. E. 296. *As to allowing defendant to amend its answer:* 81 S. C. 579; 60 S. C. 484; 101 S. C. 107; 92 S. C. 40; 105 S. C. 319. *As to error in the admission of testimony tending to show that intestate met his death while engaged in interstate commerce:* 100 S. C. 386; 106 S. C. 220; 99 S. C. 42; 101 S. C. 787; 232 U. S. 245; 106 S. C. 219; 93 S. E. 390.

*Messrs. Mitchell & Smith, Mordecai & Gadsden & Rutledge* and *Simeon Hyde,* for respondent, cite: *As to allowing defendant to amend answer:* 98 S. C. 197; 242 U. S. 432; 238 Fed. 917; 18 S. C. 315; 47 S. C. 499; 53 S. C. 230; 101 S. C. 106. *As to direction of verdict for defendant:* 104 S. C. 16; 109 U. S. 478; 99 S. C. 417; 105 S. C. 72.

January 4, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This case has been heard in the Circuit Court, on four separate occasions, when called for trial. It was heard the first time at the January term of the Court in 1916, but upon motion was withdrawn from the jury. When it was heard the second time, his Honor, the presiding Judge, granted an order of nonsuit in favor of the defendant. On the third hearing there was a mistrial, and on the fourth hearing there was another order of nonsuit in favor of the defendant. There was an appeal from the first order of nonsuit, which was reversed, and the case remanded for a new trial. 106 S. C. 215, 90 S. E. 1016. After the case was remanded, the defendant was allowed to amend its complaint, by alleging as a defense that the defendant was engaged in interstate commerce, at the time of the injury.

At the close of the testimony, the defendant's attorneys made a motion for the direction of a verdict, on the following grounds:

"(1) There is a total failure of evidence of the acts of negligence alleged in the complaint, or any one of them, as constituting the proximate cause of the death of the deceased.

"(2) The only inference from the whole evidence is that the death of the deceased was due to some cause other than that alleged in the complaint.

"(3) The undisputed evidence showing that the deceased was, at the time of his death, working for the defendant in interstate commerce, in which the defendant was then and there engaged, there is no evidence that the plaintiff or any other person stood in the relation of dependence upon the deceased, which would entitle the plaintiff to recover in this action."

In granting the motion, his Honor, the presiding Judge, stated to the jury:

"If you were to take this case and find a verdict for the plaintiff, I would have to set it aside. Therefore, I direct you to find a verdict for the defendant."

The plaintiff's testimony upon the last trial was not materially different from that which was introduced by him on the former trial. This Court then considered the testimony just as if the amendment hereinbefore set out had been incorporated in the defendant's answer, and reached the conclusion, that, even if there was testimony tending to show that the defendant was engaged in interstate commerce at the time of the injury, it was error to grant the nonsuit, as the testimony tended to show negligence under the Federal statute.

In order for this Court to sustain the order of nonsuit, it must be satisfied that the testimony of the plaintiff, when considered in connection with that introduced by the defendant, is susceptible of only one inference, and that inference must be that it fails entirely to sustain the material allegations of the complaint. We are unable to reach any such conclusion; but, on the contrary, are satisfied that the issues should have been submitted to the jury.

Error is assigned on the part of his Honor, the Circuit Judge, in allowing the defendant to amend its answer. The exception raising this question must be overruled, as it has not been made to appear that this discretion was erroneously exercised.

Judgment reversed, and case remanded for a new trial.