11364

BLAKE v. SOUTHERN RAILWAY COMPANY

(120 S. E., 360)

1. PLEADING—PLEADINGS HELD TO ADMIT INTERSTATE EMPLOYMENT.— Where, in an action under the Federal Employers' Liability Act (U. S. Comp. St., §§ 8657-8665), plaintiff alleged interstate employment and defendant's so-called general denial was limited to such allegations as may not "hereinafter be adimtted" and defendant's second defense specifically stated that "the plaintiff was employed by the defendant in interstate commerce," *held,* that interstate employment was an admitted fact.

2. MASTER AND SERVANT—VERDICT NOT DIRECTED AGAINST PLAINTIFF SUING UNDER FEDERAL STATUTE AND MAKING OUT CASE UNDER STATE OR COMMON LAW.—In an action under the Federal Employers' Liability Act (U. S. Comp. St., §§ 8657-8665), in which the interstate character of the employment was in issue, where plaintiff

failed to prove interstate employment, but made out a case under the State or Common Law, instead of directing a verdict for defendant, the Court should allow plaintiff to amend his complaint upon terms, or at least allow him to take a voluntary nonsuit.

Before MAULDIN, J., York, November, 1916. Reversed and remanded.

Action by Zeb Blake against Southern Railway Company. From a directed verdict for defendant, the plaintiff appeals.

*Messrs. Wilson & Wilson* and *J. Harry Foster,* for appellant, cite: *Defendant estopped by pleadings to demand proof that plaintiff was engaged in interstate commerce:* 78 S. C., 323; 109 S. C., 352.

*Messrs. McDonald & McDonald,* for respondent, cite: *What is engagement in interstate commerce:* 229 U. S., 146; 239 U. S., 556; 259 U. S., 182; 239 Fed., 855; 162 N. W., 923; 154 Pac., 914; 51 Mont., 564; 242 U. S., 619; Roberts, Fed. Liab. of Carriers, Sec. 483; 108 Pac., 774; 181 S. W., 375; 190 S. W., 690; 218 S. W., 724; 173 Pac., 236; 241 U. S., 177; 250 U. S., 130; 251 U. S., 259; 259 U. S., 182; 254 U. S., 17; 115 S. C., 520; 115 S. E., 319. *Direction of verdict correct:* 229 U. S., 156; 234 U. S., 86; 238 Fed., 917. *Where there is general denial plaintiff cannot take advantage of allegations in separate defense:* Pom. Rem., Sec. 600; 25 S. C., 181; 28 S. C., 52; 54 S. C., 495; 62 S. C., 51; 70 S. C., 474; 238 U. S., 702.

December 8, 1923.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for $3,000.00 damages on account of personal injuries sustained by the plaintiff while in the employment of the defendant, at South Richmond, Va., on November 22, 1915, alleged to have been caused by the negligence of the defendant. The appeal is from an order of the presiding Judge, directing a verdict in favor of the defendant,

upon the ground that the alleged cause of action is based upon the Federal Employers' Liability Act (U. S. Comp. St., §§ 8657–8665), and that there was an entire failure of evidence tending to show that at the time of the injury the plaintiff was engaged in interstate commerce.

The complaint alleges a cause of action under the Federal Employers' Liability Act; it specifically alleges that at the time of the injury the plaintiff was employed in interstate commerce. The answer of the defendant in like manner, and as specifically, alleges that at the time of the plaintiff's injuries the defendant was engaged in interstate commerce, and "that prior to and at the time of the alleged injuries to the plaintiff the plaintiff was employed by the defendant in interstate commerce," and sets up the defense of assumption of risk, which is good under the Federal Employers' Liability Act, and bad, so far as it is based upon knowledge of the defect, under the State law. It was, therefore, an alleged and specifically admitted fact in the case.

The defendant, however, insists that the admission which occurs in the second defense, cannot be held to have destroyed the general denial in the first defense. There are two reasons why this position cannot save the defendant: (1) It is not simply an admission but a specific and positive affirmation, inserted for the protection of the defendant. The defendant cannot limit its beneficial effects to its own purposes. (2) The so-called general denial in the first defense is limited by its terms to such allegations as may not "hereinafter be admitted"; those that are admitted, including the allegations of interstate employment, are excepted from the force of the general denial by its terms.

But even if the fact of employment in interstate commerce had been specifically denied by the defendant, the failure of proof in this particular would not have justified the direction of a verdict, completely destroying the right to recovery in the event that the plain-

tiff had a meritorious case. The law does not look with favor upon the determination of the merits of a controversy upon a purely technical objection. In reaching the merits of the case, under these circumstances, the Court should permit an amendment, or at least allow the plaintiff to take a voluntary nonsuit and come again. *Wabash R. Company v. Hayes,* 234 U. S., 86; 34 Sup. Ct., 729; 58 L. Ed., 1226.

If the plaintiff's right to recovery depended absolutely upon the provisions of the Employers' Liability Act, the failure to prove that the plaintiff was at the time of the injury engaged in interstate commerce would be fatal to such right, and would justify the direction of a verdict; but if, notwithstanding such failure, the plaintiff has a cause of action under the State or Common law, his right of recovery should not be concluded by such failure, but he should be allowed to amend his complaint by conforming the pleadings to the facts proved, upon such terms as the Court, in its discretion, should see fit to impose.

In this case, although the plaintiff may have been engaged in intrastate commerce, his complaint states a cause of action at Common law, or it may be under the law of Virginia, eliminating the references to interstate commerce, which he should have an opportunity of presenting.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial.