## 12732

JENKINS v. SOUTHERN RY.—CAROLINA DIVISION

(150 S. E., 128)

*Messrs. Nath. B. Barnwell* and *Frank G. Tompkins,* for appellant,

*Messrs. Thomas P. Stoney, A. R. McGowan,* and *J. D. E. Meyer,* for respondent,

September 20, 1929.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

This is an action in tort, growing out of the death of Otis L. Jenkins, plaintiff's intestate, who, while riding on an engine of one of the defendant's trains, was killed in a head-on collision, occurring on the night of October 30, 1926, near Kingsville, this state. In the complaint, the defendant was charged with several acts of negligence, one being that

the engineer of the train, which the intestate was firing at the time of his death, was asleep. The employment of Jenkins at the time by the defendant as a fireman, engaged in interstate commerce, was also alleged, and it was set forth in the complaint that the suit was brought under the provisions of the Federal Employers' Liability Act (45 U. S. C. A., §§ 51-59). The plaintiff also set up in his complaint allegations to the effect that the death of the intestate was due to, and caused by the recklessness, willfulness, and wantonness of the defendant, and its agents and servants.

The defendant, in its answer, alleged that the intestate was not its employee at the time of his injuries and death, but that he was riding on the engine without authority and in violation of law, "and was a trespasser, and that under the law no duty was owing to him in the operation of the said train except not to injure him willfully, when discovered, and this defendant denies that the injuries complained of were due to any willfulness or negligence on the part of this defendant."

The trial in the Court of Common Pleas of Charleston County, with Hon. W. H. Townsend, Circuit Judge, presiding, resulted in a verdict against the defendant for $10,-000 actual damages and $5,000 punitive damages.

For the purpose of making certain and clear the issues involved in the case, and to have this certainty reflected in the verdict, the Court required the jury to make special findings in addition to their general verdict. In answer to specific questions prepared and submitted by the Court, the jury found: First, the plaintiff's intestate was not in the employ of the defendant when he was killed. Second, his death was proximately caused by the negligence and willfulness of the defendant. Third, he was not guilty of contributory negligence.

There was ample evidence, in our opinion, to sustain the findings made by the jury and the verdict rendered.

The testimony on the part of the defendant showed that Jenkins had been a student fireman, had completed his ap-

prenticeship, and, previous to the accident, had made a few trips as a fireman, for which he had received pay. On the trip in which he lost his life, he was not acting under orders, but, without obtaining proper permit therefor, and in violation of the rules of the defendant, he volunteered his services to the regular fireman and asked the privilege of firing the engine. As the intestate was not acting in the line of his duty when he was killed (the contention of the defendant in this particular being sustained by the finding of the jury), plaintiff's theory of the right to recover under the Federal Employers' Liability Act passed out of the case.

The appeal here involves the submission of the case to the jury under the instructions of the presiding Judge, presenting two phases of liability: (1) The right of recovery under the Federal Employers' Liability Act; and (2) the right of recovery under the allegations of willfulness, as stating a cause of action within the provisions of the state statutes.

The railroad company owed to the intestate, even if he was not an employee and had no right to be on the engine, the duty not to willfully and wantonly injure him. *Burns v. Southern Railway Co.,* 63 S. C., 46, 40 S. E., 1018; *Bremer v. Railroad Co.,* 318 Ill., 11, 148 N. E., 862, 41 A. L. R., 1345, and note at page 1354; *New York C. R. Co., v. Mohney,* 252 U. S., 152, 40 S. Ct., 287, 64 L. Ed., 502, 9 A. L. R., 496.

The failure of the defendant to perform its duty is clear from the very frank admission in the argument of its counsel, as follows: "No effort was made at the trial, and none will be made here, to condone the conduct of the engineer in going to sleep at his post. As the railroad superintendent, a witness for the defense, himself said, for an engineer to go to sleep at the throttle on the main line was 'about as bad as it could be.'"

The main question in the case is whether the pleadings are such that they permit the remedy.

At the close of the testimony, the plaintiff asked leave

to amend his complaint to conform to the proof, so as to have the case submitted to the jury under our law (Lord Campbell's Act [Code Civ. Proc. 1922, §§ 367-370]), as well as under the Federal Employers' Liability Act. The presiding Judge thought, and so expressed himself, that the amendment asked for was unnecessary; and he held that the allegations of the complaint were entirely sufficient to state two causes of action—one under the Federal Employers' Liability Act, and another under Lord Campbell's Act, on the allegation of willfulness, if the evidence failed to prove the intestate's alleged status as an employee of the defendant, engaged at the time in interstate commerce.

The ruling of the Circuit Judge is based not only on sound reason, but it is sustained by the authorities. *Koennecke v. Seaboard Air Line Ry. Co.,* 101 S. C., 86, 85 S. E., 374, 376; *S. A. L. Railway Co. v. Koennecke* (same case), 239 U. S., 352, 36 S. Ct., 126, 60 L. Ed., 324; *Seyle v. Terminal Company,* 106 S. C., 215, 90 S. E., 1016; *Wabash R. R. Co. v. Hayes,* 234 U. S., 86, 34 S. Ct., 729, 58 L. Ed., 1226; *Missouri, etc., Railroad Co. v. Wulf,* 226 U. S., 570, 33 S. Ct., 135, 57 L. Ed., 355, Ann. Cas., 1914-B, 134; *Shaffer v. Western Maryland Railroad Co.,* 93 W. Va., 300, 116 S. E., 747.

In *New York C., etc., Railroad Co. v. Kinney,* 260 U. S., 340, 43 S. Ct., 122, 123, 67 L. Ed., 294, it was held: "The declaration was consistent with a wrong under the law of the State or of the United States as the facts might turn out. * * * 'The facts constituting the tort were the same, whichever law gave them that effect.' "

Our decisions, which have dealt with the propriety of allowing amendments to conform the pleadings to the facts proved, have also held that the failure to prove the fact of employment in interstate commerce does not justify the direction of a verdict, where the facts, as developed in a trial, show a cause of action under the law of the State. *Blake v. Southern Railway Co.,* 126 S. C., 407, 120 S. E., 360. We agree, however, with the presiding Judge that the amendment proposed by the plaintiff was not at all necessary.

The complaint alleged that the defendant's acts were willful, which, without the allegation that the intestate was employed in interstate commerce, was appropriate to .a cause of action under the state law. The answer of the defendant denied that the intestate had been employed; it alleged that he was a trespasser, and, as a trespasser, "no duty was owing to him in the operation of the train except not to injure him willfully"; and it denied that he had been injured willfully. The defenses of contributory negligence and willfulness, which would have had no place in the answer under the Federal law, were also alleged. These allegations of the complaint and answer, considered together, made the issues, which were submitted to the jury, within the principles declared by our Court in *Koennecke v. Railroad Company, supra,* where it was said: "But when, under proper allegations of the complaint *or answer,* and the evidence adduced, there is an issue of fact whether the State or Federal law is applicable, the case should be submitted to the jury, under proper instructions as to both aspects of it, so that the jury may render their verdict under the one or the other, as they may find the facts."

It appears to us, too, that the defendant's contention that the two causes of actions were inconsistent, and that the plaintiff should have been required to elect between them, is also untenable. Whether Jenkins was firing the engine as an employee of the defendant, or was without such standing, had to be determined by the facts developed in the trial of the case. He made previous trips, and for these services he had received pay; and the testimony of the engineer shows that this witness had admitted at the coroner's inquisition that the dead boy was on duty firing the engine when the collision took place. The facts brought out in the trial were evidentiary to establish the willful tort of the defendant as a proximate cause of the death of Jenkins, and if they failed to show his employment in interstate commerce, they presented, nevertheless, a proper case for recovery under the state law. In the event of possibly conflicting

inferences from the testimony, as the trial Judge evidently felt that there were, it was proper to submit the whole case to the jury.

The view entertained by the Circuit Judge, which we approve, is strongly supported by the holdings of the Supreme Court of Massachusetts in the case of *Corbett v. Boston & Maine Railroad*, 219 Mass., 351, 107 N. E., 60, 62, 12 A. L. R., 683. We are so much impressed by the opinion of Chief Justice Rugg, delivered in that case, that we quote extensively therefrom:

"It is a familiar principle that, where inconsistent courses are open to an injured party and it is doubtful which ultimately may lead to full relief, he may follow one even to defeat, and then take another, or he may pursue all concurrently, until it finally is decided which affords the remedy. The assertion of one claim which turns out to be unsound, so long as it goes no further, is simply a mistake. It is not and does not purport to be a final choice, nor an election. A party is not obliged to select his procedure at his peril. (Citing authorities.) This rule has been followed frequently in actions where it was doubtful whether the remedy of the plaintiff was under our Employers' Liability Act or at common law. (Citing authorities.) It is equally applicable to the cases at bar. The principle is not changed in any material respect, because the question relates to remedies afforded by the statutes of different sovereign powers, each exclusive within its own domain. The relief is sought in the same forum, for the State Court has jurisdiction of the cause of action, whichever statute may be controlling. (Citing authorities.)

"There are strong practical considerations in the administration of justice which lead to the same result. It oftentimes would be a great hardship upon the parties to compel them to try out first the question whether the Federal Act applies, and, if it in the end shall be decided that it does not, then to test by further litigation their rights under the State Statute. The short period of limitations pro-

vided in each Act often might expire before a final decision could be reached. If adverse to the plaintiff on the ground of error in the form of relief sought, he thus might be barred from a just recovery.

"* * * It would be a saving of expense both to the parties and to the commonwealth if the two actions could be prosecuted together, so that by one trial the facts could be ascertained and the causes ended by the determination of the governing principles of law. Where the settlement of an issue of fact depends upon conflicting evidence, it seems more likely that the truth will be ascertained by adducing all the evidence at one time before a single tribunal and enabling it to find out the real situation under an adequate statement of the governing rules of law applicable to all phases, than to require two distinct and successive inquiries before separate tribunals where only a single aspect of the incident could be open to investigation at one time.

"There are important points of dissimilarity between the rights conferred and the burdens imposed under the two statutes. The rules of evidence may be different. The principles of law by which liability may be established under the two statutes are somewhat divergent. Difficulties will be presented in the trial which will require great care and a strong grasp by the presiding Judge, and demand careful discrimination by jurors. But these are not insurmountable obstacles, nor do they appear to counterbalance the advantages which will accrue in permitting a conjoint prosecution of the two causes in appropriate instances."

In the case at bar, the defendant raised the issue that the intestate was a trespasser. When it did this, it conceded its responsibility for his death, if it should be proved that he was willfully injured. The case was fairly submitted to the jury. The charge of Judge Townsend was clear and comprehensive. While the causes of action were jumbled, in the pleading, they were separately submitted, and the special findings of fact required, enabled the Court to know that they had been separately considered. The verdict, both as

to actual and punitive damages, was responsive to the issues specifically presented by the defendant's answer. All the various exceptions made by the appellant have been, we think, fully covered in our discussion, and we have not considered it necessary to consider each of them separately. We find no good reason for disturbing the judgment of the lower Court.

It is the judgment of this Court that all the exceptions be overruled, and that the judgment of the Court of Common Pleas of Charleston County be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE COTHRAN (dissenting) : The only matter that I desire to discuss is, what I consider the vital issue in the appeal, the proposition maintained by the railroad company :

Under a complaint based specifically upon the Employers' Liability Act of Congress, for damages on account of the wrongful death of an employee, it having been judicially ascertained that the deceased was not an employee, but a trespasser, the plaintiff is not entitled to recover, upon proof of the negligent or willful conduct of the defendant's agent.

It does not matter that the act of the agent of the company is characterized as willful and wanton and so grossly negligent as to have been reckless, expletives that are handled quite freely; they add nothing to the incidents of the alleged relation; the same consequences would ensue if the act were temporarily characterized simply as negligent.

The point is that the complaint has alleged the relation of master and servant, and under that allegation the plaintiff is not entitled to recover upon proof of an entirely different relation.

It has been held by this Court, and by the Supreme Court of the United States, that when a plaintiff has alleged the relation of master and servant between the defendant and the injured party, *and has established it,* the question whether at the time the defendant and the injured party were engaged

in interstate commerce (the case then being governed by the Federal Act), or in intrastate commerce (the case then being governed by the State law), is one of fact, which the plaintiff has the right to have submitted to the jury, under instructions appropriate to the issue as determined.

The plaintiff may, without referring to either law, allege the relation, the wrongful injury, and the damage, and upon the establishment of these facts recover under whichever law may, by the facts, be shown to be appropriate.

He may, upon the allegation of a cause of action under either law, be entitled to an amendment, upon proper conditions, setting himself straight as the facts may develop.

These situations are essentially different from that presented in the case at bar, where the plaintiff has alleged the relation of master and servant and has failed in his proof of that relation, and attempts to recover upon a different relation, that of proprietor and trespasser.

Not one of the cases cited in behalf of the respondent, in my opinion, touches the question now at issue:

*Koennecke v. R. Co.*, 101 S. C., 86, 85 S. E., 374, 376. The complaint stated a cause of action under the State Statute for the death *of an employee;* there was no reference to the matter of interstate employment, in either the complaint or answer; upon the trial it developed that the deceased was employed in interstate commerce; the plaintiff moved to amend the complaint by alleging facts bringing the case under the Federal Act; the amendment was allowed and upon the appeal the order was sustained, upon the ground "that the cause of action is the same, whether the action be brought under the State or Federal Law"; that the differences between the two laws lie in the authority by which the right of action is given and in some of the rules applicable; that they relate to form and procedure rather than to substance. The Court goes a step further in holding: "From what has already been said, there does not appear to be any sound reason why a plaintiff may not set up in his com-

plaint the *same cause of action* under the State law and also under the Federal law, stating it separately, of course, and try it under the law which the proof shows to be applicable. Where the cause of action is so alleged, the parties would come to trial prepared to meet the issues which might arise under either aspect of the case. There is no inherent difficulty in this method of procedure, and it will greatly facilitate the trial of such cases and promote the ends of justice. Doubtless in most cases the evidence will clearly settle the question whether the State or Federal law is applicable." That case was taken by writ of error to the Supreme Court of the United States, where the judgment was affirmed, 239 U. S., 352, 36 S. Ct., 126, 127, 60 L. Ed., 324; the Court basing its decision upon the ground: "The cause of action arose under a different law by the amendment, *but the facts constituting the tort were the same, whichever law gave them that effect,* * * * " The facts constituting the tort arose first out of the relation subsisting between the railroad company and the injured party, master and servant, an injury caused by the negligent act of the defendant and resulting damage.

The facts of the present case are decidedly lacking in parallelism with the foregoing statement; so far as the action is based upon the relation of proprietor and trespasser they lack the first essential of similarity of relation.

The complaint alleges the relation of master and servant, and appeals to the Federal act for relief; if the attempted shift still recognized that relation and appealed to the State law for relief, I would have no doubt of the plaintiff's right to amend accordingly; but when he would seek to repudiate that relation and set up an essentially different cause of action, he certainly would not be entitled to the amendment upon trial except upon terms.

*Seyle v. Charleston Terminal Co.,* 106 S. C., 215, 90 S. E., 1016. This case is quite similar to the *Koennecke case.* The complaint stated a cause of action for

the death *of an employee;* there was no reference to the matter of interstate employment, in either the complaint or answer; upon the trial it developed that the deceased was employed in interstate commerce; the plaintiff did not move to amend accordingly; the circuit Judge granted defendant's motion for a non-suit upon the ground of variance between the cause of action alleged and that proved; the order of non-suit upon appeal was reversed upon the ground that there was some evidence, in addition to that of the defendant to the contrary, that the deceased was engaged in intrastate commerce; and that the issue upon this conflict should have been submitted to the jury; reaffirming the conceded proposition, that where the complainant relies upon neither the Federal Act nor the State law, he is entitled to a submission of the issue to the jury whether it be a case of interstate or intrastate employment—a proposition that is wide· of the mark upon the issue of law here presented.

*Missouri, K. & T. R. Co. v. Wulf,* 226 U. S., 571, 33 S. Ct., 135, 137, 57 L. Ed., 355, Ann. Cas., 1914-B, 134. In this case the plaintiff sued in her individual capacity, as the mother of the deceased, *a locomotive engineer in the employment of the railroad company,* for damages alleged to have resulted from the negligence of the company. The action was thus instituted under the laws of Kansas where the death occurred, which permitted it. Facts were alleged which would support the action under the Federal Act, which, however, authorized action only by the personal representative. The trial Court allowed an amendment which authorized her to sue as administratrix and specifically under the Federal Act. The Supreme Court of the United States, upon writ of error, held that the amendment was properly allowed upon the ground that it *"without in any way modifying or enlarging the facts* upon which the action was based, in effect merely indicated the capacity in which the plaintiff was to prosecute the action." The "facts upon which the action was based" were that the deceased was an employee; that he

was injured by the negligence of the defendant; that damage resulted to the plaintiff. Altogether unlike the situation in the present case.

*Wabash R. Co. v. Hayes,* 234 U. S., 86, 34 S. Ct., 729, 730, 58 L. Ed., 1226. This was an action against the railroad company to recover for a personal injury sustained by the plaintiff while he was employed as a switchman. The complaint alleged that the injury occurred while defendent was engaged, and while plaintiff was employed by it in interstate commerce. The other allegations of the complaint were such that, with the allegation just referred to, they stated a cause of action for injuries to a servant under the Federal Employers' Liability Act and without it they stated a cause of action for injuries to a servant under the common law. At the trial, the proof failed to show that the injury occurred in interstate commerce, and *at the defendant's request* the Court instructed the jury that the Federal Employers' Liability Law did not apply, and then treated the allegation respecting interstate commerce as eliminated and submitted the case to the jury as one controlled by the common law of the State, *for injuries to a servant.* Judgment was rendered for plaintiff which was sustained by the State Appellate Court and the appeal to the Supreme Court of the United States was dismissed *for want of jurisdiction on the ground that the ruling did not operate as a denial of a right or immunity to which the defendant was entitled under the Federal Act.* The court said: "That the injury did occur outside of interstate commerce was declared in the Court's instruction to the jury, and the defendant, having requested the instruction, is bound by it."

In what manner this case could have had even persuasive weight in causing the trial Judge to rule as he did is difficult to see. Plaintiff was suing as an employee of the defendant, and whether he was employed in interstate or intrastate commerce would determine whether he could recover under the Federal or under the State law. No question of recover-

ing on two contradictory causes of action, which is what the trial Judge ruled could be done in this case, was involved. In fact, the decision of the Supreme Court was based on the fact that only one right of recovery was sought. The Court said: "The plaintiff asserted only one right to recover for the injury, *and in the nature of things he could have but one*"—thus definitely refuting any thought that plaintiff could have had two rights to recover, which is what has been decided here.

The situation presented in the *Wabash case* was simply that when plaintiff proved that he was injured *while employed as a switchman,* but failed to prove that the injury occurred in interstate commerce, the Court permitted *an amendment to the pleading* to conform to the proof without in any way giving him a different right of action—a ruling as to the correctness of which there can be no question.

*N. Y. Central R. Co. v. Kinney,* 260 U. S., 340, 43 S. Ct., 122, 123, 67 L. Ed., 294. This was an action for personal injuries to the plaintiff, caused by a collision of a train *upon which he was employed as an engineer,* with a train of another railroad company. The complaint set forth facts that would have given a cause of action at common law, under the statutes of New York or under the Federal Act. The trial Court allowed an amendment that the plaintiff was engaged in an interstate movement. Upon writ of error the Supreme Court of the United States held that the amendment was properly allowed upon the ground that it "merely expanded or amplified what was alleged in support of the cause of action already asserted. * * * *The facts constituting the tort were the same,* whichever law gave them that effect." I hardly think that it can be contended that the facts alleged of the relation of master and servant, with the allegations of negligence and damage, can be considered the same as facts alleged repudiating that relation and stating an entirely different relation subject to entirely different rules of law.

*Blake v. Southern Ry. Co.,* 126 S. C., 407, 120 S. E., 360, 361. The plaintiff sued specifically under the Federal Act for personal injuries sustained by him while in the employment of the company. There was an entire failure of evidence to support the allegation of interstate employment, and upon this ground the trial Judge granted a non-suit. Upon appeal the order of non-suit was reversed, the Court declaring: "If the plaintiff's right to recovery depended absolutely upon the provisions of the Employers' Liability Act, the failure to prove that the plaintiff was at the time of the injury engaged in interstate commerce would be fatal to such right, and would justify the direction of a verdict; but if, notwithstanding such failure, the plaintiff [*as an employee*] has a cause of action under the State or common law, his right of recovery should not be concluded by such failure, but he should be allowed to amend his complaint by conforming the pleadings to the facts proved, upon such terms as the Court in its discretion should see fit to impose."

The Court manifestly intended that the words italicized and in brackets were understood.

I do not at all question the following propositions:

1. If the plaintiff counts upon a cause of action in favor of the injured party, an employee, and makes no mention of interstate or intrastate employment, he needs no amendment; he is entitled to go to the jury, which under the direction of the Court will apply the Federal Act or the State law as they find the fact to be of interstate or intrastate employment.

2. If the plaintiff counts upon a cause of action in favor of the injured party, an employee, and bases his action upon the Federal Act but fails to establish the fact of interstate employment, he should be allowed to amend his complaint upon such terms as the trial Judge may reasonably impose, setting forth a cause of action under the State law.

3. *Vice versa,* when he alleges a cause of action under the State law and establishes interstate employment.

I do not think that under any one of these propositions, or under any decision, State or Federal, he may come into Court alleging employment in an interstate movement, utterly fail to establish the fact of employment, but does establish the relation of trespasser, he may so substantially change the facts and his cause of action during the trial.

Section 436 of the Code provides: "The Court may, * * * amend any pleading, * * * when the amendment does not change substantially the claim * * * by conforming the pleading * * * to the facts proved." See full note to this section.

It will be observed that the plaintiff did not ask to amend the complaint by striking out the allegations of employment and interstate movement, but sought to take chances upon both causes of action—to ride both horses going in opposite directions at the same time.

I think that the Court after holding at the close of the testimony that there were two causes of action stated in the complaint, viz., a cause of action for injury to plaintiff's intestate as an employee under the Federal Employers' Liability Act, and a cause of action to plaintiff's intestate as to trespasser under Lord Campbell's Act, erred in refusing to require plaintiff to elect as to which cause of action she would rely on, inasmuch as the said causes of action are inconsistent.

Under the ruling of the Judge, the plaintiff was allowed to claim compensation for the pecuniary benefits of which she and her husband were deprived by the negligent killing of her intestate while employed by the defendant, and also to claim actual and punitive damages such as might be proportionate to any injury resulting to the parents to which they were entitled because of the willful and wanton killing of the intestate while he was trespassing on the property of the defendant.

A mere statement of the two claims is sufficient to show their inconsistency.

Under these conditions defendant was entitled to have plaintiff elect as to which claim she would rely on, as the assertion of one was necessarily repugnant to, and in repudiation of, the other. As is said in 20 C. J., 3, under the topic "Election of Remedies": "The doctrine of election of remedies is based upon the rule that a party cannot either in the course of litigation or in dealings *in pais* occupy inconsistent positions; in other words, a man shall not be allowed to approbate and reprobate."

In the case of *Cline v. Railway,* 113 S. C., 440, 102 S. E., 641, 643, plaintiff while in the employment of defendant received serious personal injuries and brought suit on two inconsistent causes of action, setting them out separately— one for fraudulent breach of a contract for permanent employment, and one for fraud and deceit in inducing him to make the contract and execute a release for his injuries. At the close of the testimony, he was required, on motion of defendant, to elect as to which cause of action he would ask for judgment, and he elected the second cause of action. The ruling requiring the election was made a ground of appeal, and as to this exception the Court said:

"But clearly he did not have the right to pursue both remedies, for they are inconsistent, since the first affirms the validity of the release and contract, and the second asserts their invalidity.

"The law is well settled that in such circumstances a party must elect which remedy he will pursue; and it is equally well settled that once he has made his election with full knowledge of the facts, he is bound by it, no matter what the result may be, and he cannot afterwards have recourse to the other remedy, if the one chosen proves to be fruitless."

In the case of *McMahan v. McMahon,* 122 S. C., 336, 115 S. E., 293, 294, 26 A. L. R., 1295, the Court said:

"The doctrine of election of remedies is regarded as being an application of the law of estoppel, upon the theory

that a party cannot in the assertion of his right occupy inconsistent positions in relation to the facts which form the basis of his respective remedies; it is based on the proposition that, when a party has two remedies proceeding upon opposite and irreconcilable claims of right, the one adopted excludes the other.

"The so-called 'inconsistency of remedies' is not an inconsistency between the remedies themselves, for this may often happen when the same facts are relied upon as the basis of the several alternative remedies; but it means that a certain state of facts relied upon as the basis of a certain remedy is inconsistent with and repugnant to another certain state of facts relied upon as the basis of another remedy."

See, also, *Singleton v. Cuttino,* 107 S. C., 465, 92 S. E., 1046; *Davis v. Stukes,* 122 S. C., 539, 115 S. E., 814; *Pendleton v. Railway, G. & E. Co.,* 132 S. C., 507, 128 S. E., 711; *Walker v. McDonald,* 136 S. C., 231, 134 S. E., 222.

If the plaintiff, upon ascertaining, what was later found by the jury, that the deceased was not an employee of the company at the time of the collision, had moved to amend the complaint by striking out the allegations purporting to establish a cause of action under the Federal Act, and by inserting in lieu thereof allegations appropriate to a cause of action based upon a willful act causing injury to the deceased as a trespasser, I am inclined to think that her motion should have been granted and the trial proceeded with, in view of the allegation of the answer that the deceased was not an employee but a trespasser. Under the circumstances I do not think that counsel for the company with his habitual frankness would have pleaded surprise. Counsel for the plaintiff did not, however, ask for such an amendment, but, as stated, for an amendment leaving two utterly inconsistent causes of action in the complaint, which rendered it susceptible to a motion for an order requiring him to elect.

His Honor refused the motion, upon, as I think, the mistaken view that the complaint permitted a recovery upon either cause of action without the necessity for an amendment.

As the complaint stood then, after the refusal of the motion to amend, there was nothing left in it except the cause of action under the Federal Act.

The jury found that the deceased was not an employee; therefore there could have been no recovery under the Federal Act. The jury having so found and having assessed both actual and punitive damages, it is manifest that they based their verdict upon a cause of action which was not declared upon in the complaint, which cannot be done.

The rule is universal that a plaintiff has no right to recover upon a theory not supported by the allegations in his complaint. *Brockinton v. Lynch,* 119 S. C., 273, 112 S. E., 94, 108.

In this case the Court said:

"A judgment must accord with and be warranted by the pleadings of the party in whose favor it is rendered. If it is not supported by the pleadings, it is fatally defective. 23 Cyc., 816.

" 'A judgment upon a subject within the jurisdiction of a Court, but which is not brought before it by any statement or claim of the parties, and is foreign to the issue submitted, is void.' 23 Cyc., 820.

" 'The determination as to whether a finding is within or without the issues is to be made by an examination of the pleadings. A finding for plaintiff must be responsive to the theory of the complaint, as shown by the allegations contained therein.' 38 Cyc., 1970."

In 33 Corpus Juris, 1139, under "Judgments," we find the following statement of the law: "A Court cannot properly put upon its record a judgment which is not a proper sequence to the pleadings. The judgment must conform to,

and be supported by, the pleadings in the case. It is a general rule that a recovery must be had, if at all, upon the facts alleged in the pleadings, and facts proved but not pleaded will not support the judgment, although found by verdict or finding, proof of a state of facts different from that alleged constituting a variance. A judgment must also be sustained by the evidence adduced, in connection with facts admitted by the parties in the pleadings or otherwise. Facts pleaded but not proved or admitted on the trial will not support a judgment. In other words, the judgment must conform to both the pleadings and the proofs, and be in accordance with the theory of the action upon which the pleadings are framed and the case was tried. This rule is of universal application, and whether the action or suit is at law, in equity, or under the code, the judgment must be *secundum allegata et probata.* A judgment inconsistent with admitted or conclusively established facts is erroneous and will be reversed."

The primary error was committed by the Judge in submitting to the jury for answering questions not relevant to the issues in the case and absolutely confusing. If plaintiff was in the employment of the defendant and defendant was negligent and this negligence proximately caused his death, defendant was liable. But if he was not in the employment of the company and defendant was still negligent and this negligence proximately caused his death, defendant was not liable. If he was not in the employment of the defendant and defendant was guilty of wantonness and this wantonness contributed to his death, defendant would still not be liable, *unless* the jury found that he was wantonly killed *after being discovered on the engine.* His presence on the engine was in direct violation of a known and enforced rule.

In view of the fact that there was no cause of action before the Court, based upon the willful act of the engineer, I refrain from discussing the question whether the circumstances justified the imposition of punitive damages.

The following authorities are interesting in connection therewith: *Darwin v. R. R.,* 23 S. C., 531, 55 Am. Rep., 32; *Burns v. R. R.,* 63 S. C., 46, 40 S. E., 1018; *Stephens v. R. R.,* 82 S. C., 542, 64 S. E., 601; *Hinnant v. R. R.,* 113 S. C., 19, 100 S. E., 709; *I. C. R. Co. v. Messina,* 240 U. S., 395, 36 S. Ct., 368, 60 L. Ed., 709; Note, 14 A. L. R., 145, 166. See, also, *R. Co. v. Rock,* 279 U. S., 410, 49 S. Ct., 363, 73 L. Ed., —.

For these reasons I think that as the plaintiff may have a cause of action under the facts which have no basis in the complaint (see *Blake case*), the judgment should be reversed and the case remanded to the Circuit Court with leave to the plaintiff to amend the complaint as suggested; it being an adjudicated fact in the case that the deceased was not an employee at the time of his injury.